## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| Rickey Thomas, Jr., as Next of Kin of Tonya Smith, deceased, and on behalf of the wrongful death beneficiaries of Tonya Smith )<br><br>Plaintiff, )<br><br>v. )<br><br>Quince Nursing and Rehabilitation Center, LLC d/b/a Quince Nursing and Rehabilitation Center; Aurora Cares, LLC; DTD HC, LLC; D & N, LLC; Donald T. Denz; and Norbert A. Bennett )<br><br>Defendants. ) | Cause No. _____<br>Division _____<br>Jury Demanded |

## COMPLAINT

COMES NOW Plaintiff, Rickey Thomas, Jr., as Next of Kin of Tonya Smith, deceased, and on behalf of the wrongful death beneficiaries of Tonya Smith, and complains of Quince Nursing and Rehabilitation Center, LLC d/b/a Quince Nursing and Rehabilitation Center; Aurora Cares, LLC; DTD HC, LLC; D & N, LLC; Donald T. Denz; and Norbert A. Bennett, Defendants, and for this cause of action would show as follows:

### PARTIES

1.      Rickey Thomas, Jr. is the son of Tonya Smith, and brings this action as Next of Kin of Tonya Smith, deceased, and on behalf of the wrongful death beneficiaries of Tonya Smith.

2.      Upon information and belief, Tonya Smith was a resident of Quince Nursing and Rehabilitation Center, a facility located at 6733 Quince Road, Memphis, Tennessee 38119, from

on or about December 6, 2021, until on or about October 10, 2022, with the exception of intermittent hospitalizations. On or about October 10, 2022, Tonya Smith was transferred to Baptist Memorial Hospital where she remained until her death on November 12, 2022.

3.      At all times pertinent hereto, Tonya Smith was dependent upon Defendants to meet her needs, as she was unable to care for herself.

4.      Defendant Quince Nursing and Rehabilitation Center, LLC is a domestic limited liability company that at all times material to this action was the "licensee" authorized to operate a nursing facility under the name of Quince Nursing and Rehabilitation Center in Memphis, Shelby County, Tennessee. Defendant Quince Nursing and Rehabilitation Center, LLC, is owned by DTD HC, LLC, and D&N, LLC. The causes of action made the basis of this suit arise out of such business conducted by Defendant Quince Nursing and Rehabilitation Center, LLC, in the ownership, operation, management, and/or control of Quince Nursing and Rehabilitation Center. Defendant Quince Nursing and Rehabilitation Center, LLC may be served with process through its registered agent, United Corporate Services, Inc., 401 Commerce Street, Suite 710, Nashville, Tennessee 37219.

5.      Defendant Aurora Cares, LLC is a foreign limited liability company based in New York that at all times material to this action was engaged in business in Tennessee. At all times material to this action Defendant Aurora Cares, LLC was the management company of Quince Nursing and Rehabilitation Center in Memphis, Shelby County, Tennessee. Defendant Aurora Cares, LLC, is owned by DTD HC, LLC, and D&N, LLC. The causes of action made the basis of this suit arise out of such business conducted by Defendant Aurora Cares, LLC in the operation, management, and/or control of Quince Nursing and Rehabilitation Center. Defendant

Aurora Cares, LLC may be served with process through its registered agent, United Corporate Services, Inc., 401 Commerce Street, Suite 710, Nashville, Tennessee 37219.

6.      Defendant DTD HC, LLC is a foreign limited liability company based in New York that at times material to this lawsuit was engaged in business in Tennessee.  The members of Defendant DTD HC, LLC are Donald T. Denz and the Donald T. Denz Irrevocable Trust. Defendant Donald T. Denz and the Trust's trustee, Martin J. Clifford, are citizens of New York. Defendant DTD HC, LLC is 50% owner of Quince Nursing and Rehabilitation Center, as well as its management company, therapy company, pharmacy company, and property company. Defendant DTD HC, LLC, whose sole manager and voting member is Donald T. Denz, is responsible for maintaining the nursing home's finance department, which includes accounts payable, payroll, accounts receivable, general ledger, and financial statement preparation for Quince Nursing and Rehabilitation Center.  The causes of action made the basis of this suit arise out of such business conducted by said Defendant.  Defendant DTD HC, LLC may be served with process through its agent, Leslie Wilson, 3690 Southwestern Boulevard, Orchard Park, New York 14127.

7.      Defendant D&N, LLC is a foreign limited liability company based in New York that at times material to this lawsuit was engaged in business in Tennessee.  The members of Defendant D&N, LLC are Norbert A. Bennett, the Norbert A. Bennett Children's Trust, and the Norbert A. Bennett Grandchildren's Trust.  Defendant Norbert Bennett and the Trusts' trustee, Ronald Bennett, are citizens of New York.  Defendant D&N, LLC is 50% owner of Quince Nursing and Rehabilitation Center, as well as its management company, therapy company, pharmacy company, and property company.  Defendant D&N, LLC, whose sole manager is Norbert A. Bennett, engaged in contact with facilities, made on-site visits, and is responsible for

providing continuous oversight regarding the direct care, contract negotiations, purchasing, capital improvements, employee and resident safety, and human resources for Quince Nursing and Rehabilitation Center.  The causes of action made the basis of this suit arise out of such business conducted by said Defendant.  Defendant D&N, LLC may be served with process through its agent, Leslie Wilson, 3690 Southwestern Boulevard, Orchard Park, New York 14127.

8.      Defendant Donald T. Denz, a citizen of New York, is the sole manager and majority member and owner of DTD HC, LLC, and Chief Executive Officer and Chief Financial Officer of Aurora Cares, LLC, that at all time material to this lawsuit was engaged in business in Tennessee individually and as an officer and/or member of DTD HC, LLC, and Aurora Cares, LLC, as well as a member of or selects the members of the governing body of Quince Nursing and Rehabilitation Center. Defendant Donald T. Denz actively manages Quince Nursing and Rehabilitation Center and is the manager of Quince Nursing and Rehabilitation Center, LLC. The causes of action made the basis of this suit arise out of such business conducted by said Defendant.   Upon information and belief, Defendant Donald T. Denz is responsible for maintaining the finance department, which includes accounts payable, payroll, accounts receivable, general ledger, and financial statement preparation for Quince Nursing and Rehabilitation Center, and controlled the financial operations of Aurora Cares, LLC, Quince Nursing and Rehabilitation Center, and DTD HC, LLC.  Defendant Donald T. Denz also retained exclusive control over the operations of Quince Nursing and Rehabilitation Center, along with his partner and uncle, Norbert A. Bennett, as Quince Nursing and Rehabilitation Center's manager.  Upon information and belief, at all times pertinent hereto, Defendant Donald T. Denz was a Co-Chief Executive Officer of Aurora Cares, LLC, the Chief Financial Officer of Aurora Cares, LLC, the sole member of DTD HC, LLC, and served as president and chief financial

officer of Quince Nursing and Rehabilitation Center.  Defendant Donald T. Denz may be served with process personally at 3690 Southwestern Boulevard, Orchard Park, New York 14127.

9.     Defendant Norbert A. Bennett, a citizen of  New York, is the sole manager and majority member of D&N, LLC, and Chief Executive Officer of Aurora Cares, LLC, that at all times material to this lawsuit was engaged in business in Tennessee individually and as an officer and/or member of D&N, LLC, and Aurora Cares, LLC , as well as a member of or selects the members of the governing body of Quince Nursing and Rehabilitation Center.  Defendant Norbert A. Bennett actively manages Quince Nursing and Rehabilitation Center and is the manager of Quince Nursing and Rehabilitation Center, LLC.  The causes of action made the basis of this suit arise out of such business conducted by said Defendant.  Upon information and belief, Defendant Norbert A. Bennett is responsible for maintaining contact with Quince Nursing and Rehabilitation Center and performing on-site visits, providing continuous oversite of the operations of the facility, Quince Nursing and Rehabilitation Center, and controlled the financial operations of Aurora Cares, LLC, Quince Nursing and Rehabilitation Center, and D&N, LLC. Defendant Norbert A. Bennett also retained exclusive control over the operations of Quince Nursing and Rehabilitation Center, along with his partner and nephew, Donald T. Denz, as Quince Nursing and Rehabilitation Center's manager.  Upon information and belief, at all times pertinent hereto, Defendant Norbert Bennett was a Co-Chief Executive Officer of Aurora Cares, LLC, President of Aurora Cares, LLC, the sole member of D&N, LLC, and served as chief executive officer of Quince Nursing and Rehabilitation Center.  Defendant Norbert A. Bennett may be served with process personally at 3690 Southwestern Boulevard, Orchard Park, New York 14127.

## JURISDICTION AND VENUE

11.     Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction over this action because the amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs, and is between citizens of different states.

12.     Pursuant to 28 U.S.C. § 1391(a), venue is appropriate in this Court because a substantial part of the events or omissions giving rise to the claim occurred within this judicial district.

## DEFINITIONS

13.     Whenever the term "Defendants" is utilized within this suit, such term collectively refers to and includes all named Defendants in this lawsuit.

14.     Whenever the term "Nursing Home Defendants" is utilized within this suit, such term collectively refers to and includes Quince Nursing and Rehabilitation Center, LLC d/b/a Quince Nursing and Rehabilitation Center; Aurora Cares, LLC; DTD HC, LLC; D & N, LLC; Donald T. Denz; and Norbert A. Bennett.

15.     Whenever in this suit it is alleged that Nursing Home Defendants did any act or thing or failed to do any act or thing, it is meant that the officers, agents, or employees of the designated corporations/companies respectively performed, participated in, or failed to perform such acts or things while in the course and scope of their employment and/or agency relationship with said Nursing Home Defendants.

16.     Nursing Home Defendants were engaged in a joint venture and acted in concert in the operation, management, maintenance, and control of Quince Nursing and Rehabilitation Center.  Nursing Home Defendants entered into an agreement with the common purpose of operating, managing, maintaining, and controlling Quince Nursing and Rehabilitation Center.

Nursing Home Defendants each had an equal right to control their venture as a whole, as well as to control the operation and management of the facility.

## NATURE OF NURSING HOME DEFENDANTS' LIABILITY

17.     **ALTER EGO:**  Nursing Home Defendants, Quince Nursing and Rehabilitation Center, LLC d/b/a Quince Nursing and Rehabilitation Center, Aurora Cares, LLC, DTD HC, LLC, and D&N, LLC, are the alter egos of Nursing Home Defendants, Norbert A. Bennett and Donald T. Denz.  Nursing Home Defendants were mere conduits through which Nursing Home Defendants, Donald T. Denz and Norbert A. Bennett, did business.  The management and the operations of Nursing Home Defendants, Quince Nursing and Rehabilitation Center, LLC d/b/a Quince Nursing and Rehabilitation Center, Aurora Cares, LLC, DTD HC, LLC, and D&N, LLC, were so assimilated with Nursing Home Defendants, Donald T. Denz and Norbert A. Bennett, to the extent that the aforementioned subsidiaries were simply a name through which the owners Nursing Home Defendants, Donald T. Denz and Norbert A. Bennett, conducted their business. Nursing Home Defendants, Donald T. Denz and Norbert A. Bennett, completely dominated and controlled the business affairs of their subsidiaries insomuch as Nursing Home Defendants, Quince Nursing and Rehabilitation Center, LLC d/b/a Quince Nursing and Rehabilitation Center, Aurora Cares, LLC, DTD HC, LLC, and D&N, LLC, were organized and operated as mere tools of Nursing Home Defendants, Donald T. Denz and Norbert A. Bennett.

18.     **AGENCY:**  Further, at all times material to this suit, Nursing Home Defendants, Quince Nursing and Rehabilitation Center, LLC d/b/a Quince Nursing and Rehabilitation Center, Aurora Cares, LLC, DTD HC, LLC, D&N, LLC, Donald T. Denz, and Norbert A. Bennett, acted as agents of each other.  As such, Nursing Home Defendants, Donald T. Denz and Norbert A. Bennett, ratified or authorized the acts or omissions of Nursing Home Defendants, Quince

Nursing and Rehabilitation Center, LLC d/b/a Quince Nursing and Rehabilitation Center, Aurora Cares, LLC, DTD HC, LLC, and D&N, LLC.

19.   **JOINT ENTERPRISE:**  To the extent that Nursing Home Defendants are found to be separate corporate entities and would not be liable for the acts of each other under theories that allow looking beyond the corporate fiction, each Nursing Home Defendant remains liable for the acts of the others because Nursing Home Defendants operated their business as a joint enterprise.  Nursing Home Defendants, Quince Nursing and Rehabilitation Center, LLC d/b/A Quince Nursing and Rehabilitation Center, Aurora Cares, LLC, DTD HC, LLC, D&N, LLC, Donald T. Denz, and Norbert A. Bennett, engaged in a joint venture and acted in concert in the operation, management, maintenance, and control of Quince Nursing and Rehabilitation Center. These Nursing Home Defendants entered into an agreement with the common purpose of operating, managing, maintaining, and controlling Quince Nursing and Rehabilitation Center. These Nursing Home Defendants had an equal right to control their venture as a whole, as well as to control the operation and management of the subject facility.

20.   **CIVIL CONSPIRACY:**   Nursing Home Defendants, Quince Nursing and Rehabilitation Center, LLC d/b/a Quince Nursing and Rehabilitation Center, Aurora Cares, LLC, DTD HC, LLC, D&N, LLC, Donald T. Denz, and Norbert A. Bennett, individually, and through Quince Nursing and Rehabilitation Center, LLC d/b/a Quince Nursing and Rehabilitation Center, each conspired, had the mutual understanding, and common design and purpose, to own, manage, operate, and/or control Quince Nursing and Rehabilitation Center in such a way that it was foreseeable that Tonya Smith, as a Quince Nursing and Rehabilitation Center resident, would endure the injuries and harm outlined herein.  Said Nursing Home Defendants conspired in an effort to extract revenues from Quince Nursing and Rehabilitation Center, thereby leaving

it undercapitalized for their own profit and financial gain, with reckless disregard of the health, safety, and welfare of Tonya Smith and other similarly situated residents. By engaging in the acts and/or omissions, including, but not limited to those, outlined in paragraphs 49-56 below, each Nursing Home Defendant was acting in concert with one another and in furtherance of the conspiracy, all to the detriment of Plaintiff.

## FACTS

21.     Upon information and belief, Tonya Smith was a resident of Quince Nursing and Rehabilitation Center, a facility owned, operated, managed, and/or controlled by Nursing Home Defendants, located at 6733 Quince Road, Memphis, Tennessee 38119, from on or about December 6, 2021, until on or about October 10, 2022, with the exception of intermittent hospitalizations. On or about October 10, 2022, Tonya Smith was transferred to Baptist Memorial Hospital where she remained until her death on November 12, 2022.

22.     At all times pertinent hereto, Tonya Smith was unable to attend to her affairs or care for herself throughout her residency at Quince Nursing and Rehabilitation Center.

23.     On or about December 6, 2021, at the age of 46, Tonya Smith was admitted to Quince Nursing and Rehabilitation Center for further care following a hospitalization at Baptist Memorial Hospital due to family concerns of her altered mental state.

24.     The day after admission, on December 7, 2021, Nanette Jefferson assessed Ms. Smith with no skin breakdown to her sacral/buttock, hip, or ischial areas.

25.     Nursing Home Defendants' staff recognized Ms. Smith's risk for skin breakdown, as well as her need for adequate pressure relief including turning and repositioning at least every two (2) hours. Ms. Smith, however, was noted to be unable to turn and reposition herself as she required extensive assistance with bed mobility.

26.     Despite recognizing Ms. Smith's risk for skin breakdown and the need for adequate pressure relief, Nursing Home Defendants staff failed to provide adequate pressure relief, including, but not limited to, adequate turning and repositioning.

27.     Having failed to provide adequate pressure relief, on March 4, 2022, Letekia Johnson assessed Ms. Smith with a Stage II right buttock pressure wound measuring 3.4 cm x 1.9 cm x .1 cm and a Stage III left buttock pressure wound measuring 4.9 cm x 1.7 cm x .2cm.

28.     Having failed to provide adequate incontinence care, by March 14, 2022, the left buttock wound deteriorated measuring 6.4 cm x 5.6 cm x .2 cm due to fecal incontinence.  At that time, Ms. Smith was also assessed with an unstageable deep tissue injury to her left heel measuring .9 cm x 1 cm.

29.     On March 18, 2022, Ms. Smith was admitted to Methodist Germantown Hospital where a CT of her abdomen and pelvis showed a large sacral decubitus ulcer.  Ms. Smith's sacral wound was debrided during this hospitalization, and she returned to Quince Nursing and Rehabilitation Center on April 5, 2022.

30.     Despite the existence of the sacral wound, on April 8, 2022, and again on April 15, 2022, Elizabeth Anderson, LPN erroneously noted that Ms. Smith had no skin issues present. A day later, on April 16, 2022, Valerie Elliott, LPN assessed Ms. Smith with a Stage IV sacral wound measuring 6.5 cm x 4.3 cm x 1.6 cm, and a Stage III left heel wound measuring .8 cm x .9 cm x .2 cm.

31.     By May 3, 2022, in addition to the pressure wounds to her sacrum and left heel, Ms. Smith was assessed by Nanette Jefferson with a pressure wound to her right metatarsis, deep tissue pressures injuries to her left lateral ankle and left foot, and a Stage II pressure wound to her left ischial tuberosity measuring .6 cm x .7 cm x .1 cm.

32.    On May 10, 2022, Ms. Smith was noted with fever and sent to Methodist South Hospital where she was diagnosed with osteomyelitis.  At Methodist South Hospital, Ms. Smith was also assessed with an unstageable left hip ulcer.  Ms. Smith returned to Quince Nursing and Rehabilitation Center on May 23, 2022.

33.    Upon her return to Quince Nursing and Rehabilitation Center, Ms. Smith's pressure wounds continued to deteriorate.  By May 28, 2022, Raven Walker assessed Ms. Smith with pressure wounds to her sacrum, right metatarsis, left ankle, left metatarsis, and left hip.

34.    By June 15, 2022, Ms. Smith was assessed with a new right hip wound which became unstageable due to necrosis by August 12, 2022, measuring 3.0 cm x 2.0 cm.  At that time, Ms. Smith's left hip wound was assessed as a Stage IV wound that had deteriorated due to infection measuring 3.0 cm x 4.4 cm x 2.0 cm.

35.    By August 29, 2022, Ms. Smith's right hip was assessed as a Stage IV pressure wound with odor measuring 3.4 cm x 5.5 cm x 1.7 cm requiring debridement.

36.    On September 9, 2022, Ms. Smith was admitted to Methodist University Hospital for severe sepsis.  She returned to Quince Nursing and Rehabilitation Center on September 13, 2022.

37.    By September 19, 2022, Ms. Smith was assessed with a new Stage III pressure wound to her left ischium measuring 2.2 cm x 5.9 cm x .2 cm.

38.    By October 7, 2022, Ms. Smith was assessed with a deteriorated sacral wound measuring 5.5 cm x 8.4 cm x 1.5 cm with 3.3 cm of undermining, a deteriorated Stage IV left hip wound measuring 4.5 cm x 4.4 cm x 1.9 cm with 2.5 cm of undermining, a deteriorated Stage IV right hip wound measuring 5.7 cm x 8.9 cm x 1.2 cm with 1.6 cm of undermining, a Stage III left ischial wound measuring 3.8 cm x 1.1 cm x .1 cm, and multiple leg and foot wounds.

39.     Due to the severity of her wounds, Ms. Smith was admitted to Baptist Memorial Hospital on October 10, 2022, where she was diagnosed with sepsis secondary to a right hip infected unstageable decubitus ulcer.

40.     At the hospital, Ms. Smith was transitioned to hospice care.

41.     Ms. Smith was never able to recover from the injuries she sustained at the hands of Nursing Home Defendants and passed away on November 12, 2022.

42.     While in the care of Nursing Home Defendants, Tonya Smith suffered injuries and harm which include, but are not limited to, the following:

(a)     Pressure sores;

(b)     Osteomyelitis; and

(c)     Poor hygiene.

43.     As a result of these injuries, Tonya Smith required medical attention and her overall health deteriorated, causing unnecessary physical suffering, severe pain, mental anguish, and her death.

44.     The injuries described in this Complaint are a direct and proximate result of the acts or omissions set forth herein, singularly or in combination.

**CAUSES OF ACTION AGAINST ALL NURSING HOME DEFENDANTS**

**NEGLIGENCE PURSUANT TO THE TENNESSEE HEALTH CARE LIABILITY ACT, TENN. CODE ANN. §§ 29-26-101, ET SEQ.**

45.     Plaintiff brings a claim for violation of T.C.A. §§ 29-26-101, et seq., as amended October 1, 2011, against all Nursing Home Defendants.  Plaintiff contends, however, that T.C.A. § 29-26-101 is unconstitutional, as amended, under the Constitutions of the State of Tennessee and the United States and violates due process, the separation of powers doctrine, and the inherent authority of the courts to protect the integrity of the proceedings and the rights of the

litigants.  The assertion of a cause of action under this statute should not be deemed a waiver of Plaintiff's right to challenge the constitutionality of the statute.

46.    Plaintiff re-alleges and incorporates all prior allegations in paragraphs 1-44 as if fully set forth herein.

47.    Plaintiff has complied with the provisions of T.C.A. § 29-26-121(a) as evidenced by the attached Affidavit of Service with Certificate of Mailing (Exhibit A).

48.    Nursing Home Defendants are "health care providers" within the meaning of T.C.A. § 29-26-101 and owed a duty Tonya Smith to provide her healthcare services in a safe and beneficial manner.

49.    Nursing Home Defendants breached their duties owed to Tonya Smith, thereby causing Tonya Smith to be injured as set forth in this Complaint.  Such breaches by Nursing Home Defendants, their agents, employees, representatives, members, managers, officers, and/or consultants, include, but are not limited to, the following:

    (a)    Failure to provide sufficient numbers of certified nursing assistants to meet the custodial needs of Tonya Smith, including, but not limited to, baths, showers, grooming, incontinent care, personal attention and care to her skin, feet, and nails, oral hygiene, and hair cuts;

    (b)    Failure to administer the facility in such a manner so as to provide the facility with adequate resources to ensure sufficient non-medical (CNA) staffing and supplies, such as diapers, linens, and towels, to care for all residents, including Tonya Smith;

    (c)    Failure to provide sufficient number of non-licensed staff to follow Tonya Smith's care plans and to prevent Tonya Smith's needs from being ignored;

    (d)    Failure to provide adequate supervision and oversight to non-licensed personnel to ensure that Tonya Smith received adequate and proper custodial care, including toileting and turning and repositioning;

    (e)    Failure to provide adequate overall custodial (non-medical) care;

(f)     Failure to provide adequate and appropriately trained non-licensed staff and supervision to such personnel so as to ensure that Tonya Smith received adequate and proper custodial care, including turning and repositioning;

(g)     Failure to adopt adequate guidelines, policies and procedures for documenting, maintaining files, investigating and responding to any complaint regarding the quantity of resident care, the quality of resident care, or misconduct by Nursing Home Defendants' employees, irrespective of whether such complaint derived from a state or federal survey agency, resident of said facility, an employee of said facility or any interested person (with regard to non-medical complaints);

(h)     Failure by the members of the governing body of the nursing home to discharge their legal and lawful obligation by:

     (1)     ensuring that the rules and regulations designed to protect the health and safety of the patients, such as Tonya Smith, as promulgated by the Tennessee Legislature and corresponding regulations implemented expressly pursuant thereto by the Tennessee Department of Health and its agents, including the Division of Health Care Facilities, were consistently complied with on an ongoing basis;

     (2)     ensuring that the resident care policies for the facility were consistently in compliance on an ongoing basis; and

     (3)     responsibly ensuring that appropriate corrective measures were implemented to correct problems concerning inadequate resident care (non-medical).

(i)     Failure of personnel to maintain records in accordance with accepted standards and practices that are complete, accurately documented, readily accessible, and systematically organized with respect to Tonya Smith;

(j)     Failure to provide basic and necessary non-medical care and supervision during Tonya Smith's residency;

(k)     Failure to provide a safe, functional, sanitary, and comfortable environment;

(l)     Failure to take appropriate measures to prevent the development and progression of skin breakdown and to treat skin breakdown appropriately once it occurred;

(m)    Failure to conduct timely, comprehensive, and accurate assessments, and failure to provide appropriate action based on assessments;

(n)    Failure to protect Tonya Smith from abuse and neglect during her residency;

(o)    Failure to treat Tonya Smith with kindness and respect;

(p)    Failure of high managerial agents and corporate officers to adequately hire, train, supervise, and retain the administrator and other staff so as to assure that Tonya Smith received care in accordance with Nursing Home Defendants' policies and procedures;

(q)    Making false, misleading, and deceptive representations as to the quality of care, treatment and services provided by the facility to their residents, including Tonya Smith;

(r)    Failure to provide and ensure adequate nursing care plans, including necessary revisions, based on the needs of Tonya Smith;

(s)    Failure to develop and implement an adequate nursing care plan for Tonya Smith that was followed by nursing personnel;

(t)    Failure to properly and timely notify Tonya Smith's attending physician and/or nurse practitioners of significant changes in her physical condition;

(u)    Failure to adequately and appropriately monitor Tonya Smith and recognize significant changes in her health status;

(v)    Failure to provide treatment for persistent, unresolved problems related to the care and physical condition of Tonya Smith resulting in her unnecessary pain, agony, and suffering.

Tonya Smith was caused to suffer mental anguish, pain and suffering, and physical injuries, which include, but are not limited to, pressure sores; osteomyelitis; poor hygiene; severe pain; and injuries to her dignity, which substantially contributed to in her death.

50.    Nursing Home Defendants' conduct in breaching the duties owed Tonya Smith were negligent, grossly negligent, willful, wanton, malicious, reckless, and/or intentional.

51.    As a direct and proximate result of such negligent, grossly negligent, willful, wanton, reckless, malicious, and/or intentional conduct, Tonya Smith was injured, for which

Plaintiff asserts a claim for judgment for all compensatory and punitive damages against Nursing Home Defendants, including, but not limited to medical expenses, pain and suffering, mental anguish, disability, and humiliation in an amount to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled by law.

### IN THE ALTERNATIVE, ORDINARY NEGLIGENCE AS TO NURSING HOME DEFENDANTS, DTD HC, LLC; D&N, LLC; DONALD T. DENZ; AND NORBERT A. BENNETT, ONLY

52.    To the extent that the Court may determine that any of the negligent conduct of Nursing Home Defendants, DTD HC, LLC; D&N, LLC; Donald T. Denz; and Norbert A. Bennett, do not fall under the Tennessee Health Care Liability Act, Plaintiff pleads that these Nursing Home Defendants' actions constitute ordinary negligence. Such claims for ordinary negligence do not involve a decision, act, or omission based on medical science or specialized training or skill. The acts or omissions complained of herein may be assessed by the trier of fact based on common, everyday experiences.

53.    Plaintiff re-alleges and incorporates the allegations in paragraphs 1-44 and 52 as if fully set forth herein.

54.    These Nursing Home Defendants owed a duty to their residents, including Tonya Smith, to provide adequate resources to the facility to ensure there were sufficient staff and supplies on hand to meet the needs of their residents, including Tonya Smith, such that care, treatment, and services could be provided within accepted standards of care of nursing homes.

55.    These Nursing Home Defendants owed a duty to their residents, including Tonya Smith, to hire, train, and supervise employees to deliver custodial care and services to residents in a safe and beneficial manner.

56.     These Nursing Home Defendants breached the duties owed to their residents, including Tonya Smith, and were negligent in their failure to fulfill the above duties thereby affecting the resident population as a whole, including impacting the care and treatment of Tonya Smith, by and through their administrative decisions to understaff and undersupply the facility, which were within the understanding of an ordinary lay person and did not require medical training, assessment, or diagnosis.  Such breached by these Nursing Home Defendants, their agents, employees, representatives, members, managers, and/or consultants, include but are not limited to, the following:

(a)     Failure to provide sufficient resources to retain an adequate number of staff to follow Tonya Smith's care plans, to supervise Tonya Smith, and to prevent Tonya Smith's needs from being ignored;

(b)     Failure to provide adequate supervision and oversight to ensure that Tonya Smith received adequate and proper custodial care;

(c)     Failure to provide adequate and appropriately trained staff and supervision to such personnel so as to ensure that adequate interventions were developed to ensure that Tonya Smith received appropriate care and supervision;

(d)     Failure to provide adequate supervision and oversight to the managerial staff at the facility to ensure that Tonya Smith received adequate and proper care;

(e)     Failure to adopt adequate guidelines and policies and procedures for their facilities;

(f)     Failure to designate, assign, and adequately monitor the actions of the facility's governing body of the nursing home to ensure their non-delegable duties were legally and lawfully fulfilled by:

(1)     ensuring that the rules and regulations designed to protect the health and safety of the residents, such as Tonya Smith, as promulgated by the Tennessee Legislature and corresponding regulations implemented expressly pursuant thereto by the Tennessee Department of Health and its agents, including the Division of Health Care Facilities, were consistently complied with on an ongoing basis;

(2) ensuring that the resident care policies for the facility were consistently in compliance on an ongoing basis;

(3) ensuring that the facility employed a responsible and sufficiently qualified nursing home administrator; and

(4) responsibly ensuring that appropriate corrective measures were implemented to correct problems concerning inadequate resident care (non-medical).

(g) Failure to provide the facility with a budget sufficient to ensure that Tonya Smith's needs were met and adequate supervision was provided to prevent Ms. Smith from developing a pressure sores;

(h) Failure of high managerial agents and corporate officers to adequately hire, train, supervise, and retain the administrator and other staff so as to assure that Tonya Smith received care in accordance with Nursing Home Defendants' policies and procedures; and

(i) Making false, misleading, and deceptive representations as to the quality of care, treatment and services provided by the facility to their residents, including Tonya Smith.

57. The injuries described in this Complaint are a direct and proximate result of the acts or omissions set forth above, singularly or in combination. These Nursing Home Defendants' conduct in breaching the duties owed Tonya Smith were negligent, grossly negligent, willful, wanton, malicious, reckless, and/or intentional.

58. Tonya Smith's injuries were the result of these Nursing Home Defendants' administrative decisions, including short-staffing the Nursing Home, which affected all residents of Quince Nursing and Rehabilitation Center, including Tonya Smith. These Nursing Home Defendants' administrative decisions were made for the benefit of all residents at the facility and without Tonya Smith's specific care or treatment in mind.

59. These Nursing Home Defendants' administrative decisions led to inadequate conditions at the facility, which caused the Tennessee Department of Health and Human Services

to cite Quince Nursing and Rehabilitation Center for numerous deficiencies. These Nursing Home Defendants' decisions to provide the facility with insufficient resources resulted in the nursing home being understaffed and undersupplied, which led to Tonya Smith's injuries and death.

60.     At all times during Tonya Smith's residency at Quince Nursing and Rehabilitation Center, she was a "resident" pursuant to T.C.A. §§ 68-11-901 *et seq.*, the Tennessee Nursing Home Residents Rights Act (TNHRRA), and the corresponding regulations implemented expressly pursuant thereto by the Tennessee Department of Health and its agent, including the Division of Health Care Facilities, namely the Nursing Home Rules and Regulations § 1200-8-6, *et seq.* The particular violations by these Nursing Home Defendants include, but are not limited to, violations of T.C.A. § 68-11-901 (15), (16), (21), and (24). Accordingly, Tonya Smith is a member of the class that TNHRRA is intended to protect.

61.     Tonya Smith was injured as described herein as a direct result of the acts or omissions of these Nursing Home Defendants as set forth above, which constitute a violation of TNHRRA, as well as 42 CFR 483.10, *et seq.*, and the Nursing Home Regulations of the Tennessee Department of Health, Rules of the Tennessee Department of Health Board for Licensing Healthcare Facilities, Chapter 1200-8-6, *et seq.*, and are evidence of negligence. Violations of the foregoing federal and state regulations governing nursing homes also constitute negligence per se. The injuries suffered by Tonya Smith were of the type that TNHRRA is designed to prevent.

62.     WHEREFORE, Plaintiff seeks compensatory and punitive damages against these Nursing Home Defendants in an amount to be determined by the jury, plus costs and any other relief to which Plaintiff is entitled by law.

## CAUSES OF ACTION AGAINST ALL DEFENDANTS

## SURVIVAL AND WRONGFUL DEATH CLAIM

63.　Plaintiff re-alleges and incorporates the allegations in paragraphs 1-62 as if fully set forth herein

64.　As a direct and proximate result of the acts or omissions of all Nursing Home Defendants as set forth above, Tonya Smith, suffered mental anguish, pain and suffering, and physical injuries which include, but are not limited to, those described herein, including her death.

65.　As a further direct and proximate result of all Nursing Home Defendants' conduct, Tonya Smith required medical attention and hospitalization, and incurred liability to pay reasonable and necessary charges for such.

66.　As a direct, natural and proximate result of the acts or omissions of all Nursing Home Defendants as set forth above, Tonya Smith died on November 12, 2022, thereby incurring reasonable and necessary charges for funeral and related expenses.

67.　As a direct and proximate result of the previously alleged conduct, all of which was negligent, grossly negligent, willful and wanton, outrageous, reckless, malicious, and/or intentional, Tonya Smith endured pain, suffering, and death.  Indeed, Tonya Smith suffered personal injury including excruciating pain and suffering, mental anguish, emotional distress, and humiliation, which includes, but is not limited to, that described herein.  Accordingly, Plaintiff is entitled to recover against Nursing Home Defendants compensatory and punitive damages based on the foregoing.

68.    Plaintiff seeks compensatory and punitive damages against Nursing Home Defendants in an amount to be determined by the jury, plus costs and any other relief to which Plaintiff is entitled by law.

## DAMAGES

69.    Plaintiff re-alleges and incorporates the allegations in paragraphs 1-68 as if fully set forth herein.

70.    As a direct and proximate result of the acts and omissions of all Nursing Home Defendants as set out above, Tonya Smith suffered injuries including, but not limited to, those described herein.  As a result, Tonya Smith incurred significant medical expenses and suffered embarrassment and physical impairment and pain and suffering.

71.    Plaintiff seeks punitive and compensatory damages against Nursing Home Defendants in an amount to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled by law.

72.    To the extent T.C.A. §§ 29-39-101, et seq., is asserted by Nursing Home Defendants or deemed applicable to the present case or controversy, Plaintiff affirmatively avers that these statutory provisions are unconstitutional.

73.    The Constitution of the State of Tennessee provides for:

(1)    Right to Trial by Jury.

[T]he right of trial by jury shall remain inviolate ….

Tennessee Constitution, Art. 1, Sec. 6.

(2)    Open Courts.

[A]ll courts shall be open; and every man, for an injury done him in his lands, goods, person or reputation, shall have remedy by due course of law, and right and justice administered without sale, denial, or delay.

Tennessee Constitution, Art. 1, Sec. 17.

   (3)    Separation of Powers.

       The powers of the government shall be divided into three distinct departments: legislative, executive and judicial.

       Tennessee Constitution, Art. 2, Sec. 1.

       No person or persons belonging to one of these departments shall exercise any of the powers properly belonging to either of the others, except in the cases herein directed or permitted.

       Tennessee Constitution, Art. 2, Sec. 2.

74.    The Constitution of the United States provides for:

   (1)    Right to Trial by Jury.

       In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law.

       United States Constitution, Amendment VII.

   (2)    Due Process and Equal Protection.

       …No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; …without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws …

       United States Constitution, Amendment XIV.

75.    Plaintiff asserts that Tenn. Code Ann. §§ 29-39-101, et seq., violates the Constitutions of the State of Tennessee and the United States by affecting the right to trial by jury, open courts, separation of powers, equal protection, and due process.

## REQUEST FOR TRIAL BY JURY

76.    Plaintiff demands a trial by a jury of twelve (12) on all issues herein set forth.

## PRAYER FOR RELIEF

Pursuant to Federal Rules of Civil Procedure, Plaintiff demands that all issues of fact in this case be tried by a jury.

WHEREFORE, Plaintiff prays for judgment against Nursing Home Defendants, as follows:

1.      For damages to be determined by the jury, in an amount exceeding the minimum jurisdictional amount of the Court, and adequate to compensate Plaintiff for all the injuries and damage sustained.  Plaintiff challenges the constitutionality of Tenn. Code Ann. §§ 29-39-101, et seq., which purports to arbitrarily limit the amount of damages available to a plaintiff, in contravention of the Tennessee and United States Constitutions;

2.      For all general and special damages caused by the alleged conduct of Nursing Home Defendants;

3.      For the costs of litigating this case;

4.      For punitive damages sufficient to punish Nursing Home Defendants for their egregious conduct and to deter and others from repeating such atrocities; and

5.      For all other relief to which Plaintiff is entitled by Tennessee law.

Respectfully submitted,

**JEHL LAW GROUP, PLLC**

By:     _/s/ Deena K. Arnold_____

Cameron C. Jehl, Esq. (BPR#18729)
Carey L. Acerra, Esq. (BPR#23464)
Deena K. Arnold, Esq. (BPR#24555)
Eric H. Espey, Esq. (BPR#24410)
Angela M. Polk, Esq. (BPR#37614)
5400 Poplar Avenue, Suite 250
Memphis, Tennessee 38119
Telephone Number:    901-322-4232
Facsimile Number:    901-322-4231
cjehl@jehllawgroup.com
cacerra@jehllawgroup.com
darnold@jehllawgroup.com
eespey@jehllawgroup.com
apolk@jehllawgroup.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served via US Mail upon the following individual on this 18th day of May, 2023, with sufficient postage thereon to ensure delivery:

Herbert H. Slatery III
Tennessee Attorney General
425 Fifth Avenue North
Post Office Box 20207
Nashville, TN 37202-0207

*/s/ Deena K. Arnold*
Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| Rickey Thomas, Jr., as Next of Kin of Tonya Smith, deceased, and on behalf of the wrongful death beneficiaries of Tonya Smith  )<br>)<br>)<br>)<br>)<br>**Plaintiff,**  )<br>)<br>**v.**  )<br>)<br>Quince Nursing and Rehabilitation Center, LLC )<br>d/b/a Quince Nursing and Rehabilitation Center;)<br>Aurora Cares, LLC; DTD HC, LLC; D & N,  )<br>LLC; Donald T. Denz; and Norbert A. Bennett  )<br>)<br>)<br>**Defendants.**  ) | Cause No. `_____<br>Division _____<br>**Jury Demanded** |

---

### AFFIDAVIT OF SERVICE WITH CERTIFICATE OF MAILING

---

STATE OF TENNESSEE:
COUNTY OF SHELBY:

In accordance with T.C.A. § 29-26-121, the undersigned attorney, having been duly sworn, states upon oath and affirmation as follows:

1.  That I am the attorney for the Plaintiff in the above-captioned matter and have personal knowledge of the matters herein.

2.  That on March 3, 2023, letters were sent to (1) Quince Nursing and Rehabilitation Center, (2) Quince Nursing and Rehabilitation Center, LLC d/b/a Quince Nursing and Rehabilitation Center, (3) Aurora Cares, LLC, (4) DTD HC, LLC, (5) D & N, LLC, (6) Donald T. Denz, and (7) Norbert A. Bennet, and via certified mail, return receipt requested. Copies of such letters are attached, along with the Certificate of Mailing.



3.    That the specified notice was timely mailed and the attorney has complied with T.C.A. § 29-26-121.

IN WITNESS WHEREOF, I have set my hand this 18th day of May, 2023.



Cameron C. Jehl, Esq. (BPR#18729)
Carey L. Acerra, Esq. (BPR#23464)
Deena K. Arnold, Esq. (BPR#24555)
Eric H. Espey, Esq. (BPR#24410)
Angela M. Polk, Esq. (BPR#37614)
5400 Poplar Avenue, Suite 250
Memphis, Tennessee 38119
Telephone Number:   901-322-4232
Facsimile Number:   901-322-4231
Attorneys for Plaintiff

STATE OF TENNESSEE
COUNTY OF SHELBY

Before me personally appeared, DEENA K. ARNOLD, to me known to be the person described in and who executed the foregoing instrument, and acknowledged that she executed the same as her free act and deed.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal this 18th day of May, 2023.

_____
Notary Public

My Commission Expires:

10/30/23

STATE OF TENNESSEE NOTARY PUBLIC SHELBY COUNTY ANGELA M POLK

2



# JEHL LAW GROUP PLLC
### Attorneys at Law

Cameron C. Jehl, Esq.
Carey L. Acerra, Esq.
Deena K. Arnold, Esq.
Eric H. Espey Esq.
Angela M. Polk, Esq.
Mitchell R. Bledsoe, Esq.

March 3, 2023

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**ARTICLE NUMBER 7022 2410 0001 5606 4404**

Quince Nursing and Rehabilitation Center, LLC
d/b/a Quince Nursing and Rehabilitation Center
c/o Julie Cottrell, Administrator
6733 Quince Road
Memphis, Tennessee 38119

**Re:    Rickey Thomas, Jr., as Next of Kin of Tonya Smith, deceased, and on behalf of the
wrongful death beneficiaries of Tonya Smith v. Quince Nursing and Rehabilitation
Center, LLC d/b/a Quince Nursing and Rehabilitation Center; Aurora Cares, LLC;
DTD HC, LLC; D & N, LLC; Donald T. Denz; and Norbert A. Bennett**

Dear Sir or Madam:

I am the attorney representing Rickey Thomas, Jr., as Next of Kin of Tonya Smith,
deceased, and on behalf of the wrongful death beneficiaries of Tonya Smith, and I am the
authorized agent of Rickey Thomas, Jr., as Next of Kin of Tonya Smith, deceased, and on behalf
of the wrongful death beneficiaries of Tonya Smith.

Through me, the wrongful death beneficiaries of Tonya Smith are asserting, among other
claims, a potential claim for medical malpractice and/or health care liability against you and your
agents, employees, and/or representatives for both direct and vicarious liability.

Pursuant to T.C.A. § 29-26-121(a), below is additional information regarding my client:

| | |
|---|---|
| Patient: | Tonya Smith |
| Date of Birth: | |
| Claimant's Name and Address: | Rickey Thomas, Jr. |
| | |
| | |
| Relationship to Patient: | Son and Next of Kin of Tonya Smith, deceased. |

Due to the poor care provided to Tonya Smith during her residency at Quince Nursing
and Rehabilitation Center, Tonya Smith suffered from, among other things, pressure sores;
wounds; wound infections; osteomyelitis; sepsis; severe pain; and injuries to her dignity, which
substantially contributed to in her death.

March 3, 2023
Page 2

      Also, enclosed please find HIPAA medical authorization executed by my client regarding this matter. Attached hereto is a list of all providers to whom notice is being given pursuant to T.C.A. § 29-26-121(a). If there are any deficiencies with the HIPAA Complaint Limited Authorization enclosed, please notify me immediately so that I may remedy the deficiency.

      Pursuant to Tenn. Code Ann. § 29-26-121(a)(5), you are reminded of your statutory obligation to identify any person, entity, or healthcare provider who you believe, based on any reasonable knowledge and information available, may be a properly named defendant in this action, and to communicate this information in writing within 30 days of receipt of this letter to me as counsel for the potential claimant. This includes any modifications of the way that your name is stated in this written presuit notice.

      Please have your attorney or liability insurance carrier representative contact me, should you wish to discuss this matter.

Sincerely,

**JEHL LAW GROUP, PLLC**

Deena K. Arnold, Esq.

DKA/tja
*Enclosures*

**LIST OF HEALTH CARE PROVIDERS TO WHOM NOTICE IS BEING GIVEN
PURSUANT TO T.C.A. SECTION 29-26-121(a)**

**Re: Tonya Smith**

Below is a list of all healthcare providers to whom notice is being given, pursuant to T.C.A. Section 29-26-121(a), of a potential claim for medical malpractice and/or health care liability:

1. Quince Nursing and Rehabilitation Center, LLC
   d/b/a Quince Nursing and Rehabilitation Center
   c/o Julie Cottrell, Administrator
   6733 Quince Road
   Memphis, Tennessee 38119

2. Quince Nursing and Rehabilitation Center, LLC
   d/b/a Quince Nursing and Rehabilitation Center
   c/o United Corporate Services, Inc., Registered Agent
   401 Commerce Street, Suite 710
   Nashville, Tennessee 37219

   Quince Nursing and Rehabilitation Center, LLC
   d/b/a Quince Nursing and Rehabilitation Center
   6733 Quince Road
   Memphis, Tennessee 38119

3. Aurora Cares, LLC
   c/o United Corporate Services, Inc., Registered Agent
   401 Commerce Street, Suite 710
   Nashville, Tennessee 37219

   Aurora Cares, LLC
   3690 Southwestern Boulevard
   Orchard Park, New York 14127

4. DTD HC, LLC
   c/o Leslie Wilson
   3690 Southwestern Boulevard
   Orchard Park, New York 14127

5. D & N, LLC
   c/o Leslie Wilson
   3690 Southwestern Boulevard
   Orchard Park, New York 14127

6. Donald T. Denz
   3690 Southwestern Boulevard
   Orchard Park, New York 14127

7. Norbert A. Bennett
   3690 Southwestern Boulevard
   Orchard Park, New York 14127

## HIPAA COMPLIANT LIMITED MEDICAL AUTHORIZATION

I, Rickey Thomas, Jr. , do hereby authorize Quince Nursing and Rehabilitation Center; Aurora Cares, LLC; DTD HC, LLC; D & N, LLC; Donald Quince Nursing and Rehabilitation Center, LLC d/b/a T. Denz; and Norbert A. Bennett .

("health care providers") to furnish and disclose to Quince Nursing and Rehabilitation Center, LLC or to any representative or attorney from their office a full, complete, and black & white copy of any and all protected health information regarding patient, Tonya Smith , Date of Birth: 3, Social Security Number: specifically including any and all records for service from 11/12/12 to 11/12/22 , including the entire hospital record, entire nursing home/assisted living facility chart, transfer sheets/EMS reports, emergency room records, triage sheets, patient history and physical, nurses' notes, physicians' orders, physicians' notes, progress notes, consult reports, operative and surgical notes/reports, resident assessments, minimum data sets, RAP sheets, resident care plans, discharge plans, decubitus and wound reports, admission and discharge summaries/reports, photographs, social service records, dietary records (I&O/B&B), weight records/vital signs, activities records and schedules, physicians' orders, consultation reports, laboratory reports, pathology reports, clinic records, radiographic/ultrasound/photographic/other diagnostic reports and images, psychological reports, intensive care unit records, patient activity flow sheets, prescription orders, medication administration records, controlled drug inventory, physical/occupational/speech/respiratory therapy records, incident reports, bills for treatment, and any other records regarding said patient's physical, mental or emotional condition and treatment rendered (collectively "protected health information"). I further and specifically consent to the disclosure of any information concerning alcohol or drug abuse/treatment, psychiatric conditions/treatment, HIV test results or genetic testing.

This release together with a written request is also intended to require all health, disability and/or automobile insurance carriers to release any and all information regarding said patient in their possession, including, but not limited to, all payment or non-payment information and any collateral source information, to Quince Nursing and Rehabilitation Center, LLC .

This is a limited medical authorization. I AM NOT waiving any physician/patient privilege or any psychotherapist/patient privilege. Any conferences, formal or informal, or any type of oral communication with Quince Nursing and Rehabilitation Center, LLC or any of their representatives is absolutely forbidden. Copies of any documents produced to Quince Nursing and Rehabilitation Center, LLC , pursuant to this limited medical authorization, should be furnished to Jehl Law Group, PLLC, 5400 Poplar Avenue, Suite 250, Memphis, Tennessee, 38119, in electronic format in accordance with the provisions of the HITECH Act, 42 U.S.C.A. § 17935(e) for the reasonable cost of a CD, such cost to be paid by Jehl Law Group, PLLC.

I am initiating this request for disclosure of protected health information for legal purposes. I am on notice that any health care provider disclosing the above-requested information may not condition said patient's treatment, payment, enrollment or eligibility for benefits on whether I sign this authorization, and that this authorization can be revoked through written notice sent to JEHL LAW GROUP, PLLC or to the specific health care provider(s) being provided with this request, but any such revocation is and will be ineffective as to any information already released in reliance with the Authorization. The undersigned is aware of the potential that protected health information disclosed pursuant to this authorization is subject to re-disclosure in a manner that will not be protected by the HIPAA Privacy Rule (45 CFR §160, et seq.). A photocopy of this authorization shall be considered as effective and valid as the original, and this authorization will expire on
_ 9|3|23 _____

Dated: _ 3|3|23 .       Signed: _Rickey Thomas Jr_

If signed by the patient's personal representative, explain the nature of the relationship:

Son and Next of Kin of Tonya Smith, deceased.





**STATE OF TENNESSEE**
**Office of Vital Records**

TENNESSEE DEPARTMENT OF HEALTH
**CERTIFICATE OF DEATH**

STATE FILE NUMBER 2022-077072

| 1. Decedent's Legal Name | | 2. Sex | 3. Date of Death |
|---|---|---|---|
| TONYA LASHUN SMITH | | FEMALE | 11/12/2022 |

| 4. Time of Death (Appx.) | 5a. Age | 6. Date of Birth | 7. Birthplace |
|---|---|---|---|
| 18:46 | 49 | | MEMPHIS, TN |

**8a. Place of Death**
INPATIENT

| 8b. Facility Name | 8c. City or Town | 8d. County of Death |
|---|---|---|
| BAPTIST MEMORIAL HOSPITAL | MEMPHIS | SHELBY |

| 9. Marital Status | 10. Surviving Spouse (name prior to first marriage) | 11a. Decedent's Usual Occupation | 11b. Kind of Business/Industry |
|---|---|---|---|
| NEVER MARRIED | | CAREGIVER | VOLUNTEER OF AMERICA |

| 12. Social Security Number | 13a. Residence-State or Foreign Country | 13b. County | 13c. City or Town |
|---|---|---|---|
| | TENNESSEE | SHELBY | MEMPHIS |

| 13d. Street and Number | 13e. Inside City Limits? | 13f. Zip Code | 14. Was Decedent ever in US Armed Forces? |
|---|---|---|---|
| 5184 BRYDON DR | YES | 38134 | NO |

| 15. Decedent's Education | 16. Decedent of Hispanic Origin? | 17. Decedent's Race |
|---|---|---|
| HIGH SCHOOL GRADUATE OR GED COMPLETED | NO, NOT SPANISH/HISPANIC/LATINO | BLACK OR AFRICAN AMERICAN |

| 18. Father's Name | 19. Mother's Name Prior to First Marriage |
|---|---|
| OBRIA SMITH | SANDRA RICHARDSON |

| 20a. Informant's Name | 20b. Relationship to Decedent | 20c. Mailing Address |
|---|---|---|
| TOSHEKIA CUMMINGS | DAUGHTER | 5184 BRYDON DR, MEMPHIS, TN 38134 |

| 21a. Method of Disposition | 21b. Place of Disposition | 21c. Location |
|---|---|---|
| BURIAL | MEMPHIS MEMORY GARDENS | MEMPHIS, TN |

| 22a. Signature of Funeral Director | 22b. License Number | 22c. Signature of Embalmer | 22d. License Number |
|---|---|---|---|
| /s/ EDMUND FORD | 3751 | /s/ EDMUND HULL FORD | 4138 |

| 23a. Name and Address of Funeral Home | | | 23b. License Number |
|---|---|---|---|
| E. H. FORD MORTUARY SERVICES, 1390 ELVIS PRESLEY BLVD, MEMPHIS, TN 38116-3280 | | | 1022 |

| 24. Registrar's Signature | 25. Date Filed |
|---|---|
| /s/ EDWARD G BISHOP III | 11/28/2022 |

26. ☑ PHYSICIAN – TO THE BEST OF MY KNOWLEDGE, DEATH OCCURRED AT THE DATE, TIME, AND PLACE, AND DUE TO THE CAUSE(S) AND MANNER STATED.
☐ MEDICAL EXAMINER – ON THE BASIS OF EXAMINATION, AND/OR INVESTIGATION, IN MY OPINION, DEATH OCCURRED AT THE DATE, TIME, AND PLACE, AND DUE TO THE CAUSE(S) AND MANNER STATED.

| 27a. Certifier | 27b. License Number | 27c. Date Signed |
|---|---|---|
| /s/ TODD HENDERSON | 46203 | 11/27/2022 |

| 27d. Name and Address |
|---|
| TODD HENDERSON 401 SOUTHCREST CIRCLE SUITE 212, SOUTHAVEN, MS 38671 |

| 28. Part I: Enter the CHAIN OF EVENTS (DISEASES, INJURIES, OR COMPLICATIONS) THAT DIRECTLY CAUSED THE DEATH. DO NOT ENTER TERMINAL EVENTS SUCH AS CARDIAC ARREST, RESPIRATORY ARREST, OR VENTRICULAR FIBRILLATION WITHOUT SHOWING THE ETIOLOGY. ENTER ONLY ONE CAUSE ON A LINE. | | Approximate interval: Onset to Death |
|---|---|---|
| IMMEDIATE CAUSE (First disease or condition resulting in death) a. PULMONARY INSUFFICIENCY | | 1 DAY |
| Sequentially list conditions, if any, leading to the cause listed on line a. Enter the UNDERLYING CAUSE (disease or injury that initiated the events resulting in death) LAST b. SEPSIS | | 33 DAYS |
| c. PSEUDOMONAS AERUGINOSA LEFT FOOT AND RIGHT HIP WOUND INFECTIONS | | 33 DAYS |

| Part II: OTHER SIGNIFICANT CONDITIONS CONTRIBUTING TO DEATH BUT NOT RESULTING IN THE UNDERLYING CAUSE GIVEN IN PART I | 29a. Was an Autopsy Performed? |
|---|---|
| HYPERTENSION, CEREBROVASCULAR DISEASE, END STAGE RENAL DISEASE DIALYSIS DEPENDENT, CHRONIC OSTEOMYELITIS OF SACRUM | NO |
| | 29b. Were Autopsy Findings Available to Complete the Cause of Death? |
| | NO |

| 30. Manner of Death | 31. Did Tobacco Use Contribute to Death? | 32. If Female |
|---|---|---|
| NATURAL | NO | NOT PREGNANT WITHIN PAST YEAR |

| 33. If Transportation Injury, Specify? | 34a. Date of Injury | 34b. Time of Injury | 34c. Injury at Work? | 34d. Place of Injury |
|---|---|---|---|---|
| | | | | |

| 34e. Describe How Injury Occurred | | | 34f. Location of Injury |
|---|---|---|---|
| | | | |

PH-1668

RDA 10113

I hereby certify the above to be a true and correct representation of the record or document on file in this department. This certified copy is valid only when printed on security paper showing the red embossed seal of the Tennessee Department of Health. Alteration or erasure voids this certification. Reproduction of this document is prohibited.

Tennessee Code Annotated 68-3-101 et seq., Vital Records Act of 1977

14759219

Edward G Bishop III
State Registrar

Morgan McDonald, MD, FAAP, FACP
Commissioner

Local Registrar

Date Issued   Dec 27 2022

<u>A F F I D A V I T</u>

STATE OF TENNESSEE          )
                            )ss.
COUNTY OF _Shelby_          )

   BEFORE     ME,     the     undersigned     authority,     personally     appeared
_____ Rickey Thomas, Jr. _____, who upon first being duly
sworn, deposes and states as follows:

   1.      That I am the next of kin to _____ Tonya Smith _____.

   2.      I am the spouse of _____.

FURTHER AFFIANT SAYETH NAUGHT.


                              _Ricky Thomas Sr_____
                              Signature

On this _27_ day of _December_, _2022_ before me personally appeared
_Ricky Thomas Jr._____, known to me to be the individual
described herein and who executed the foregoing instrument, and he/she thereupon duly acknowledged
to me that he/she executed this instrument as his/her free and voluntary act and deed for the purpose
therein stated.


                              _____
                              Notary Public

My Commission Expires:

_April 01 2023_

John Sampietro
STATE OF TENNESSEE
NOTARY PUBLIC
SHELBY COUNTY
My Commission Expires
April 01, 2023

13



# JEHL LAW GROUP PLLC

Attorneys at Law

March 3, 2023

Cameron C. Jehl, Esq.
Carey L. Acerra, Esq.
Deena K. Arnold, Esq.
Eric H. Espey Esq.
Angela M. Polk, Esq.
Mitchell R. Bledsoe, Esq.

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**ARTICLE NUMBER 7022 2410 0001 5606 4398**

Quince Nursing and Rehabilitation Center, LLC
d/b/a Quince Nursing and Rehabilitation Center
c/o United Corporate Services, Inc., Registered Agent
401 Commerce Street, Suite 710
Nashville, Tennessee 37219

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**ARTICLE NUMBER 7022 2410 0001 5606 4411**

Quince Nursing and Rehabilitation Center, LLC
d/b/a Quince Nursing and Rehabilitation Center
6733 Quince Road
Memphis, Tennessee 38119

Re:  **Rickey Thomas, Jr., as Next of Kin of Tonya Smith, deceased, and on behalf of the wrongful death beneficiaries of Tonya Smith v. Quince Nursing and Rehabilitation Center, LLC d/b/a Quince Nursing and Rehabilitation Center; Aurora Cares, LLC; DTD HC, LLC; D & N, LLC; Donald T. Denz; and Norbert A. Bennett**

Dear Sir or Madam:

I am the attorney representing Rickey Thomas, Jr., as Next of Kin of Tonya Smith, deceased, and on behalf of the wrongful death beneficiaries of Tonya Smith, and I am the authorized agent of Rickey Thomas, Jr., as Next of Kin of Tonya Smith, deceased, and on behalf of the wrongful death beneficiaries of Tonya Smith.

Through me, the wrongful death beneficiaries of Tonya Smith are asserting, among other claims, a potential claim for medical malpractice and/or health care liability against you and your agents, employees, and/or representatives for both direct and vicarious liability.

Pursuant to T.C.A. § 29-26-121(a), below is additional information regarding my client:

Patient:                Tonya Smith
Date of Birth:

March 3, 2023
Page 2

Claimant's Name and Address:    Rickey Thomas, Jr.

2

Relationship to Patient:    Son and Next of Kin of Tonya Smith, deceased.

Due to the poor care provided to Tonya Smith during her residency at Quince Nursing and Rehabilitation Center, Tonya Smith suffered from, among other things, pressure sores; wounds; wound infections; osteomyelitis; sepsis; severe pain; and injuries to her dignity, which substantially contributed to in her death.

Also, enclosed please find HIPAA medical authorization executed by my client regarding this matter. Attached hereto is a list of all providers to whom notice is being given pursuant to T.C.A. § 29-26-121(a). If there are any deficiencies with the HIPAA Complaint Limited Authorization enclosed, please notify me immediately so that I may remedy the deficiency.

Pursuant to Tenn. Code Ann. § 29-26-121(a)(5), you are reminded of your statutory obligation to identify any person, entity, or healthcare provider who you believe, based on any reasonable knowledge and information available, may be a properly named defendant in this action, and to communicate this information in writing within 30 days of receipt of this letter to me as counsel for the potential claimant. This includes any modifications of the way that your name is stated in this written presuit notice.

Please have your attorney or liability insurance carrier representative contact me, should you wish to discuss this matter.

Sincerely,

JEHL LAW GROUP, PLLC

Deena K. Arnold, Esq.

DKA/tja
*Enclosures*

**LIST OF HEALTH CARE PROVIDERS TO WHOM NOTICE IS BEING GIVEN
PURSUANT TO T.C.A. SECTION 29-26-121(a)**

**Re: Tonya Smith**

Below is a list of all healthcare providers to whom notice is being given, pursuant to T.C.A. Section 29-26-121(a), of a potential claim for medical malpractice and/or health care liability:

1. Quince Nursing and Rehabilitation Center, LLC
   d/b/a Quince Nursing and Rehabilitation Center
   c/o Julie Cottrell, Administrator
   6733 Quince Road
   Memphis, Tennessee 38119

2. Quince Nursing and Rehabilitation Center, LLC
   d/b/a Quince Nursing and Rehabilitation Center
   c/o United Corporate Services, Inc., Registered Agent
   401 Commerce Street, Suite 710
   Nashville, Tennessee 37219

   Quince Nursing and Rehabilitation Center, LLC
   d/b/a Quince Nursing and Rehabilitation Center
   6733 Quince Road
   Memphis, Tennessee 38119

3. Aurora Cares, LLC
   c/o United Corporate Services, Inc., Registered Agent
   401 Commerce Street, Suite 710
   Nashville, Tennessee 37219

   Aurora Cares, LLC
   3690 Southwestern Boulevard
   Orchard Park, New York 14127

4. DTD HC, LLC
   c/o Leslie Wilson
   3690 Southwestern Boulevard
   Orchard Park, New York 14127

5. D & N LLC
   c/o Leslie Wilson
   3690 Southwestern Boulevard
   Orchard Park, New York 14127

6. Donald T. Denz
   3690 Southwestern Boulevard
   Orchard Park, New York 14127

7. Norbert A. Bennett
   3690 Southwestern Boulevard
   Orchard Park, New York 14127

## HIPAA COMPLIANT LIMITED MEDICAL AUTHORIZATION

I, Rickey Thomas, Jr. , do hereby authorize Quince Nursing and Rehabilitation Center, LLC d/b/a Quince Nursing and Rehabilitation Center; Aurora Cares, LLC; DTD HC, LLC; D & N, LLC; Donald T. Denz; and Norbert A. Bennett ("health care providers") to furnish and disclose to Quince Nursing and Rehabilitation Center, LLC or to any representative or attorney from their office a full, complete, and black & white copy of any and all protected health information regarding patient. Tonya Smith , Date of Birth: 73 , Social Security Number: specifically including any and all records for service from 11/12/12 to 11/12/22 , including the entire hospital record, entire nursing home/assisted living facility chart, transfer sheets/EMS reports, emergency room records, triage sheets, patient history and physical, nurses' notes, physicians' orders, physicians' notes, progress notes, consult reports, operative and surgical notes/reports, resident assessments, minimum data sets, RAP sheets, resident care plans, discharge plans, decubitus and wound reports, admission and discharge summaries/reports, photographs, social service records, dietary records (I&O/B&B), weight records/vital signs, activities records and schedules, physicians' orders, consultation reports, laboratory reports, pathology reports, clinic records, radiographic/ultrasound/photographic/other diagnostic reports and images, psychological reports, intensive care unit records, patient activity flow sheets, prescription orders, medication administration records, controlled drug inventory, physical/occupational/speech/respiratory therapy records, incident reports, bills for treatment, and any other records regarding said patient's physical, mental or emotional condition and treatment rendered (collectively "protected health information"). I further and specifically consent to the disclosure of any information concerning alcohol or drug abuse/treatment, psychiatric conditions/treatment, HIV test results or genetic testing.

This release together with a written request is also intended to require all health, disability and/or automobile insurance carriers to release any and all information regarding said patient in their possession, including, but not limited to, all payment or non-payment information and any collateral source information, to Quince Nursing and Rehabilitation Center, LLC .

This is a limited medical authorization. I AM NOT waiving any physician/patient privilege or any psychotherapist/patient privilege. Any conferences, formal or informal, or any type of oral communication with Quince Nursing and Rehabilitation Center, LLC or any of their representatives is absolutely forbidden. Copies of any documents produced to Quince Nursing and Rehabilitation Center, LLC pursuant to this limited medical authorization, should be furnished to Jehl Law Group, PLLC, 5400 Poplar Avenue, Suite 250, Memphis, Tennessee, 38119, in electronic format in accordance with the provisions of the HITECH Act, 42 U.S.C.A. § 17935(e) for the reasonable cost of a CD, such cost to be paid by Jehl Law Group, PLLC.

I am initiating this request for disclosure of protected health information for legal purposes. I am on notice that any health care provider disclosing the above-requested information may not condition said patient's treatment, payment, enrollment or eligibility for benefits on whether I sign this authorization, and that this authorization can be revoked through written notice sent to JEHL LAW GROUP, PLLC or to the specific health care provider(s) being provided with this request, but any such revocation is and will be ineffective as to any information already released in reliance with the Authorization. The undersigned is aware of the potential that protected health information disclosed pursuant to this authorization is subject to re-disclosure in a manner that will not be protected by the HIPAA Privacy Rule (45 CFR §160, et seq.). A photocopy of this authorization shall be considered as effective and valid as the original, and this authorization will expire on _ 9|3|23 _

Dated: 3|3|23 .   Signed: Rickey Thomas Jr

If signed by the patient's personal representative, explain the nature of the relationship:

Son and Next of Kin of Tonya Smith, deceased.

5




**STATE OF TENNESSEE**
**Office of Vital Records**

TENNESSEE DEPARTMENT OF HEALTH
**CERTIFICATE OF DEATH**

STATE FILE NUMBER 2022 077072



| 1. Decedent's Legal Name | | 2. Sex | 3. Date of Death |
|---|---|---|---|
| TONYA LASHUN SMITH | | FEMALE | 11/12/2022 |

| 4. Time of Death (Approx.) | 5a. Age | 6. Date of Birth | 7. Birthplace |
|---|---|---|---|
| 18:46 | 48 | | MEMPHIS, TN |

| 8a. Place of Death |
|---|
| INPATIENT |

| 8b. Facility Name | 8c. City or Town | 8d. County of Death |
|---|---|---|
| BAPTIST MEMORIAL HOSPITAL | MEMPHIS | SHELBY |

| 9. Marital Status | 10. Surviving Spouse (name prior to first marriage) | 11a. Decedent's Usual Occupation | 11b. Kind of Business/Industry |
|---|---|---|---|
| NEVER MARRIED | | CAREGIVER | VOLUNTEER OF AMERICA |

| 12. ___ Number | 13a. Residence-State or Foreign Country | 13b. County | 13c. City or Town |
|---|---|---|---|
| | TENNESSEE | SHELBY | MEMPHIS |

| 13d. Street and Number | 13a. Inside City Limits? | 13f. Zip Code | 14. Was Decedent ever in US Armed Forces? |
|---|---|---|---|
| 5184 BRYDON DR | YES | 38134 | NO |

| 15. Decedent's Education | 16. Decedent of Hispanic Origin? | 17. Decedent's Race |
|---|---|---|
| HIGH SCHOOL GRADUATE OR GED COMPLETED | NO, NOT SPANISH/HISPANIC/LATINO | BLACK OR AFRICAN AMERICAN |

| 18. Father's Name | 19. Mother's Name Prior to First Marriage |
|---|---|
| OBRIA SMITH | SANDRA RICHARDSON |

| 20a. Informant's Name | 20b. Relationship to Decedent | 20c. Mailing Address |
|---|---|---|
| TOSHEKIA CUMMINGS | DAUGHTER | 5184 BRYDON DR, MEMPHIS, TN 38134 |

| 21a. Method of Disposition | 21b. Place of Disposition | 21c. Location |
|---|---|---|
| BURIAL | MEMPHIS MEMORY GARDENS | MEMPHIS, TN |

| 22a. Signature of Funeral Director | 22b. License Number | 22c. Signature of Embalmer | 22d. License Number |
|---|---|---|---|
| /s/ EDMUND FORD | 3751 | /s/ EDMUND HULL FORD | 4138 |

| 23a. Name and Address of Funeral Home | | | 23b. License Number |
|---|---|---|---|
| E.H. FORD MORTUARY SERVICES, 3390 ELVIS PRESLEY BLVD, MEMPHIS, TN 38116-3260 | | | 1022 |

| 24. Registrar's Signature | 25. Date Filed |
|---|---|
| /s/ EDWARD G BISHOP III | 11/28/2022 |

26. I Certify:
26a. ☒ PHYSICIAN – TO THE BEST OF MY KNOWLEDGE, DEATH OCCURRED AT THE DATE, TIME, AND PLACE, AND DUE TO THE CAUSE(S) AND MANNER STATED.
26b. ☐ MEDICAL EXAMINER – ON THE BASIS OF EXAMINATION, AND/OR INVESTIGATION, IN MY OPINION, DEATH OCCURRED AT THE DATE, TIME, AND PLACE, AND DUE TO THE CAUSE(S) AND MANNER STATED.

| 27a. Certifier | 27b. License Number | 27c. Date Signed |
|---|---|---|
| /s/ TODD HENDERSON | 45203 | 11/27/2022 |

| 27d. Name and Address |
|---|
| TODD HENDERSON 401 SOUTH CREST CIRCLE SUITE 212, SOUTHAVEN, MS 38671 |

28. Part I. ENTER THE CHAIN OF EVENTS-DISEASES, INJURIES, OR COMPLICATIONS-THAT DIRECTLY CAUSED THE DEATH. DO NOT ENTER TERMINAL EVENTS SUCH AS CARDIAC ARREST, RESPIRATORY ARREST, OR VENTRICULAR FIBRILLATION WITHOUT SHOWING THE ETIOLOGY. ENTER ONLY ONE CAUSE ON A LINE.

| | | Approximate interval Onset to Death |
|---|---|---|
| IMMEDIATE CAUSE (Final disease or condition resulting in death) a. | PULMONARY INSUFFICIENCY | 1 DAY |
| Sequentially list conditions, if any, leading to the cause listed on line a. Enter the UNDERLYING CAUSE (disease or injury that initiated the events resulting in death) LAST b. | SEPSIS | 33 DAYS |
| c. | PSEUDOMONAS AERUGINOSA LEFT FOOT AND RIGHT HIP WOUND INFECTIONS | 33 DAYS |
| d. | | |

| Part II. OTHER SIGNIFICANT CONDITIONS CONTRIBUTING TO DEATH BUT NOT RESULTING IN THE UNDERLYING CAUSE GIVEN IN PART I | 29a. Was an Autopsy Performed? |
|---|---|
| HYPERTENSION; CEREBROVASCULAR DISEASE; END STAGE RENAL DISEASE DIALYSIS DEPENDENT; CHRONIC OSTEOMYELITIS OF SACRUM | NO |
| | 29b. Were Autopsy Findings Available to Complete the Cause of Death? NO |

| 30. Manner of Death | 31. Did Tobacco Use Contribute to Death? | 32. If Female: |
|---|---|---|
| NATURAL | NO | NOT PREGNANT WITHIN PAST YEAR |

| 33. If Transportation Injury, Specify: | 34a. Date of Injury | 34b. Time of Injury | 34c. Injury at Work? | 34d. Place of Injury |
|---|---|---|---|---|
| | | | | |
| | 34e. Describe How Injury Occurred | | 34f. Location of Injury | |

PH-1656

RDA 10112

I hereby certify the above to be a true and correct representation of the record or document on file in this department. This certified copy is valid only when printed on security paper showing the red embossed seal of the Tennessee Department of Health. Alteration or erasure voids this certification. Reproduction of this document is prohibited.

Tennessee Code Annotated 68-3-101 et seq., Vital Records Act of 1977


14758219

/s/ Edward G Bishop III
Edward G Bishop III
State Registrar

/s/ Morgan McDonald
Morgan McDonald, MD, FAAP, FACP
Commissioner

/s/
Local Registrar

Date Issued: Dec 27 2022

## AFFIDAVIT

STATE OF TENNESSEE )
)ss.
COUNTY OF _Shelby_ )

BEFORE ME, the undersigned authority, personally appeared _Rickey Thomas, Jr._, who upon first being duly sworn, deposes and states as follows:

1.    That I am the next of kin to _Tonya Smith_.

2.    I am the spouse of _____.

FURTHER AFFIANT SAYETH NAUGHT.

_Ricky Thomas Sr_
Signature

On this _27_ day of _December_, _2022_ before me personally appeared _Ricky Thomas Jr_, known to me to be the individual described herein and who executed the foregoing instrument, and he/she thereupon duly acknowledged to me that he/she executed this instrument as his/her free and voluntary act and deed for the purpose therein stated.

_____
Notary Public

My Commission Expires: _April 01 2023_

JOHN SAMPIETRO
STATE OF TENNESSEE
NOTARY PUBLIC
SHELBY COUNTY
My Commission Expires April 01, 2023

13



# JEHL LAW GROUP PLLC
### Attorneys at Law

March 3, 2023

Cameron C. Jehl, Esq.
Carey L. Acerra, Esq.
Deena K. Arnold, Esq.
Eric H. Espey Esq.
Angela M. Polk, Esq.
Mitchell R. Bledsoe, Esq.

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**ARTICLE NUMBER 7022 2410 0001 5606 4428**

Aurora Cares, LLC
c/o United Corporate Services, Inc., Registered Agent
401 Commerce Street, Suite 710
Nashville, Tennessee 37219

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**ARTICLE NUMBER 7022 2410 0001 5606 4435**

Aurora Cares, LLC
3690 Southwestern Boulevard
Orchard Park, New York 14127

**Re:  Rickey Thomas, Jr., as Next of Kin of Tonya Smith, deceased, and on behalf of the
      wrongful death beneficiaries of Tonya Smith v. Quince Nursing and Rehabilitation
      Center, LLC d/b/a Quince Nursing and Rehabilitation Center; Aurora Cares, LLC;
      DTD HC, LLC; D & N, LLC; Donald T. Denz; and Norbert A. Bennett**

Dear Sir or Madam:

I am the attorney representing Rickey Thomas, Jr., as Next of Kin of Tonya Smith,
deceased, and on behalf of the wrongful death beneficiaries of Tonya Smith, and I am the
authorized agent of Rickey Thomas, Jr., as Next of Kin of Tonya Smith, deceased, and on behalf
of the wrongful death beneficiaries of Tonya Smith.

Through me, the wrongful death beneficiaries of Tonya Smith are asserting, among other
claims, a potential claim for medical malpractice and/or health care liability against you and your
agents, employees, and/or representatives for both direct and vicarious liability.

Pursuant to T.C.A. § 29-26-121(a), below is additional information regarding my client:

Patient:                           Tonya Smith
Date of Birth:
Claimant's Name and Address:       Rickey Thomas, Jr.

March 3, 2023
Page 2

Relationship to Patient:   Memphis, TN 38115
Son and Next of Kin of Tonya Smith, deceased.

Due to the poor care provided to Tonya Smith during her residency at Quince Nursing and Rehabilitation Center, Tonya Smith suffered from, among other things, pressure sores; wounds; wound infections; osteomyelitis; sepsis; severe pain; and injuries to her dignity, which substantially contributed to in her death.

Also, enclosed please find HIPAA medical authorization executed by my client regarding this matter. Attached hereto is a list of all providers to whom notice is being given pursuant to T.C.A. § 29-26-121(a). If there are any deficiencies with the HIPAA Complaint Limited Authorization enclosed, please notify me immediately so that I may remedy the deficiency.

Pursuant to Tenn. Code Ann. § 29-26-121(a)(5), you are reminded of your statutory obligation to identify any person, entity, or healthcare provider who you believe, based on any reasonable knowledge and information available, may be a properly named defendant in this action, and to communicate this information in writing within 30 days of receipt of this letter to me as counsel for the potential claimant. This includes any modifications of the way that your name is stated in this written presuit notice.

Please have your attorney or liability insurance carrier representative contact me, should you wish to discuss this matter.

Sincerely,

**JEHL LAW GROUP, PLLC**

Deena K. Arnold, Esq.

DKA/tja
*Enclosures*

**LIST OF HEALTH CARE PROVIDERS TO WHOM NOTICE IS BEING GIVEN
PURSUANT TO T.C.A. SECTION 29-26-121(a)**

Re: Tonya Smith

Below is a list of all healthcare providers to whom notice is being given, pursuant to T.C.A. Section 29-26-121(a), of a potential claim for medical malpractice and/or health care liability:

1.  Quince Nursing and Rehabilitation Center, LLC
    d/b/a Quince Nursing and Rehabilitation Center
    c/o Julie Cottrell, Administrator
    6733 Quince Road
    Memphis, Tennessee 38119

2.  Quince Nursing and Rehabilitation Center, LLC
    d/b/a Quince Nursing and Rehabilitation Center
    c/o United Corporate Services, Inc., Registered Agent
    401 Commerce Street, Suite 710
    Nashville, Tennessee 37219

    Quince Nursing and Rehabilitation Center, LLC
    d/b/a Quince Nursing and Rehabilitation Center
    6733 Quince Road
    Memphis, Tennessee 38119

3.  Aurora Cares, LLC
    c/o United Corporate Services, Inc., Registered Agent
    401 Commerce Street, Suite 710
    Nashville, Tennessee 37219

    Aurora Cares, LLC
    3690 Southwestern Boulevard
    Orchard Park, New York 14127

4.  DTD HC, LLC
    c/o Leslie Wilson
    3690 Southwestern Boulevard
    Orchard Park, New York 14127

5.  D & N, LLC
    c/o Leslie Wilson
    3690 Southwestern Boulevard
    Orchard Park, New York 14127

6.  Donald T. Denz
    3690 Southwestern Boulevard
    Orchard Park, New York 14127

7.  Norbert A. Bennett
    3690 Southwestern Boulevard
    Orchard Park, New York 14127

## HIPAA COMPLIANT LIMITED MEDICAL AUTHORIZATION

I, Rickey Thomas, Jr.     , do hereby authorize _____

Quince Nursing and Rehabilitation Center, LLC d/b/a Quince Nursing and Rehabilitation Center; Aurora Cares, LLC; DTD HC, LLC; D & N, LLC; Donald T. Denz; and Norbert A. Bennett

("health care providers") to furnish and disclose to ___Aurora Cares, LLC___ or to any representative or attorney from their office a full, complete, and black & white copy of any and all protected health information regarding patient, Tonya Smith _____, Date of Birth: ( _____ Social Security Number: _____ specifically including any and all records for service from 11/12/12 to 11/12/22, including the entire hospital record, entire nursing home/assisted living facility chart, transfer sheets/EMS reports, emergency room records, triage sheets, patient history and physical, nurses' notes, physicians' orders, physicians' notes, progress notes, consult reports, operative and surgical notes/reports, resident assessments, minimum data sets, RAP sheets, resident care plans, discharge plans, decubitus and wound reports, admission and discharge summaries/reports, photographs, social service records, dietary records (I&O/B&B), weight records/vital signs, activities records and schedules, physicians' orders, consultation reports, laboratory reports, pathology reports, clinic records, radiographic/ultrasound/photographic/other diagnostic reports and images, psychological reports, intensive care unit records, patient activity flow sheets, prescription orders, medication administration records, controlled drug inventory, physical/occupational/speech/respiratory therapy records, incident reports, bills for treatment, and any other records regarding said patient's physical, mental or emotional condition and treatment rendered (collectively "protected health information"). I further and specifically consent to the disclosure of any information concerning alcohol or drug abuse/treatment, psychiatric conditions/treatment, HIV test results or genetic testing.

This release together with a written request is also intended to require all health, disability and/or automobile insurance carriers to release any and all information regarding said patient in their possession, including, but not limited to, all payment or non-payment information and any collateral source information, to Aurora Cares, LLC     .

This is a limited medical authorization. I AM NOT waiving any physician/patient privilege or any psychotherapist/patient privilege. Any conferences, formal or informal, or any type of oral communication with ___Aurora Cares, LLC___ or any of their representatives is absolutely forbidden. Copies of any documents produced to ___Aurora Cares, LLC___, pursuant to this limited medical authorization, should be furnished to Jehl Law Group, PLLC, 5400 Poplar Avenue, Suite 250, Memphis, Tennessee, 38119, in electronic format in accordance with the provisions of the HITECH Act, 42 U.S.C.A. § 17935(e) for the reasonable cost of a CD, such cost to be paid by Jehl Law Group, PLLC.

I am initiating this request for disclosure of protected health information for legal purposes. I am on notice that any health care provider disclosing the above-requested information may not condition said patient's treatment, payment, enrollment or eligibility for benefits on whether I sign this authorization, and that this authorization can be revoked through written notice sent to JEHL LAW GROUP, PLLC or to the specific health care provider(s) being provided with this request, but any such revocation is and will be ineffective as to any information already released in reliance with the Authorization. The undersigned is aware of the potential that protected health information disclosed pursuant to this authorization is subject to re-disclosure in a manner that will not be protected by the HIPAA Privacy Rule (45 CFR §160, et seq.). A photocopy of this authorization shall be considered as effective and valid as the original, and this authorization will expire on ___09/3/23___

Dated: _3/3/23_     Signed: _Rickey Thomas Jr_

If signed by the patient's personal representative, explain the nature of the relationship:

___Son and Next of Kin of Tonya Smith, deceased.___

5




**STATE OF TENNESSEE**
Office of Vital Records

TENNESSEE DEPARTMENT OF HEALTH
**CERTIFICATE OF DEATH**

STATE FILE NUMBER 2022 077072



| 1. Decedent's Legal Name | | 2. Sex | 3. Date of Death |
|---|---|---|---|
| TONYA LASHUN SMITH | | FEMALE | 11/12/2022 |

| 4. Time of Death (Approx.) | 5a. Age | 6. Date of Birth | 7. Birthplace |
|---|---|---|---|
| 16:45 | 48 | __/__/73 | MEMPHIS, TN |

| 8a. Place of Death |
|---|
| INPATIENT |

| 8b. Facility Name | 8c. City or Town | 8d. County of Death |
|---|---|---|
| BAPTIST MEMORIAL HOSPITAL | MEMPHIS | SHELBY |

| 9. Marital Status | 10. Surviving Spouse (name prior to first marriage) | 11a. Decedent's Usual Occupation | 11b. Kind of Business/Industry |
|---|---|---|---|
| NEVER MARRIED | | CAREGIVER | VOLUNTEER OF AMERICA |

| 12. Social Security Number | 13a. Residence-State or Foreign Country | 13b. County | 13c. City or Town |
|---|---|---|---|
| ___-__-____ | TENNESSEE | SHELBY | MEMPHIS |

| 13d. Street and Number | 13e. Inside City Limits? | 13f. Zip Code | 14. Was Decedent ever in US Armed Forces? |
|---|---|---|---|
| 5184 BRYDON DR | | 38134 | NO |

| 15. Decedent's Education | 16. Decedent of Hispanic Origin? | 17. Decedent's Race |
|---|---|---|
| HIGH SCHOOL GRADUATE OR GED COMPLETED | NO, NOT SPANISH/HISPANIC/LATINO | BLACK OR AFRICAN AMERICAN |

| 18. Father's Name | 19. Mother's Name Prior to First Marriage |
|---|---|
| OBRIA SMITH | SANDRA RICHARDSON |

| 20a. Informant's Name | 20b. Relationship to Decedent | 20c. Mailing Address |
|---|---|---|
| TOSHEKIA CUMMINGS | DAUGHTER | 5184 BRYDON DR, MEMPHIS, TN 38134 |

| 21a. Method of Disposition | 21b. Place of Disposition | 21c. Location |
|---|---|---|
| BURIAL | MEMPHIS MEMORY GARDENS | MEMPHIS, TN |

| 22a. Signature of Funeral Director | 22b. License Number | 22c. Signature of Embalmer | 22d. License Number |
|---|---|---|---|
| /s/ EDMUND FORD | 3751 | /s/ EDMUND HULL FORD | 4138 |

| 23a. Name and Address of Funeral Home | | 23b. License Number |
|---|---|---|
| E. H. FORD MORTUARY SERVICES, 3390 ELVIS PRESLEY BLVD, MEMPHIS, TN 38116-3260 | | 1022 |

| 24. Registrar's Signature | 25. Date Filed |
|---|---|
| /s/ EDWARD G BISHOP | 11/28/2022 |

26. I Certify:
26a. ☑ PHYSICIAN – TO THE BEST OF MY KNOWLEDGE, DEATH OCCURRED AT THE DATE, TIME, AND PLACE, AND DUE TO THE CAUSE(S) AND MANNER STATED.
26b. ☐ MEDICAL EXAMINER – ON THE BASIS OF EXAMINATION, AND/OR INVESTIGATION, IN MY OPINION, DEATH OCCURRED AT THE DATE, TIME, AND PLACE, AND DUE TO THE CAUSE(S) AND MANNER STATED.

| 27a. Certifier | 27b. License Number | 27c. Date Signed |
|---|---|---|
| /s/ TODD HENDERSON | 48203 | 11/27/2022 |

| 27d. Name and Address |
|---|
| TODD HENDERSON 401 SOUTHCREST CIRCLE SUITE 212, SOUTHAVEN, MS 38671 |

28. Part I. Enter the chain of events—diseases, injuries, or complications—that directly caused the death. Do not enter terminal events such as cardiac arrest, respiratory arrest, or ventricular fibrillation without showing the etiology. Enter only one cause on a line.

| | | Approximate interval Onset to Death |
|---|---|---|
| IMMEDIATE CAUSE a. | PULMONARY INSUFFICIENCY | 1 DAY |
| b. | SEPSIS | 33 DAYS |
| c. | PSEUDOMONAS AERUGINOSA LEFT FOOT AND RIGHT HIP WOUND INFECTIONS | 33 DAYS |

| Part II. Other significant conditions contributing to death but not resulting in the underlying cause given in Part I. | 28a. Was an Autopsy Performed? |
|---|---|
| HYPERTENSION, CEREBROVASCULAR DISEASE, END STAGE RENAL DISEASE DIALYSIS DEPENDENT, CHRONIC OSTEOMYELITIS OF SACRUM | NO |
| | 28b. Were Autopsy Findings Available to Complete the Cause of Death? NO |

| 30. Manner of Death | 31. Did Tobacco Use Contribute to Death? | 32. If Female: |
|---|---|---|
| NATURAL | NO | NOT PREGNANT WITHIN PAST YEAR |

| 33. If Transportation Injury, Specify: | 34a. Date of Injury | 34b. Time of Injury | 34c. Injury at Work? | 34d. Place of Injury |
|---|---|---|---|---|
| | | | | |

| 34e. Describe How Injury Occurred | 34f. Location of Injury |
|---|---|
| | |

PH-1656

RDA 10113



I hereby certify the above to be a true and correct representation of the record or document on file in this department. The certified copy is valid only when printed on security paper showing the red embossed seal of the Tennessee Department of Health. Alteration or erasure voids this certification. Reproduction of this document is prohibited.

14759219

Tennessee Code Annotated 68-3-101 et seq. Vital Records Act of 1977

Local Registrar

Edward G Bishop III
State Registrar

Morgan McDonald, MD, FAAP, FACP
Commissioner

Date Issued: Dec 27 2022



CERTIFICATION

## AFFIDAVIT

STATE OF TENNESSEE )
)ss.
COUNTY OF Shelby )

BEFORE    ME,    the    undersigned    authority,    personally    appeared
_____Rickey Thomas, Jr._____, who upon first being duly
sworn, deposes and states as follows:

1.      That I am the next of kin to ____Tonya Smith_____.

2.      I am the spouse of _____.

FURTHER AFFIANT SAYETH NAUGHT.

Ricky Thomas Sr
_____
Signature

On this 27 day of December, 2022 before me personally appeared
Ricky Thomas Jr, known to me to be the individual
described herein and who executed the foregoing instrument, and he/she thereupon duly acknowledged
to me that he/she executed this instrument as his/her free and voluntary act and deed for the purpose
therein stated.

_____
Notary Public

My Commission Expires:

Apri. 1 01 2023

JOHN SAMPIETRO
STATE
OF
TENNESSEE
NOTARY
PUBLIC
SHELBY COUNTY
My Commission Expires
April 01, 2023

13



# JEHL LAW GROUP PLLC
### Attorneys at Law

Cameron C. Jehl, Esq.
Carey L. Acerra, Esq.
Deena K. Arnold, Esq.
Eric H. Espey Esq.
Angela M. Polk, Esq.
Mitchell R. Bledsoe, Esq.

March 3, 2023

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**ARTICLE NUMBER 7022 2410 0001 5606 4442**

DTD HC, LLC
c/o Leslie Wilson
3690 Southwestern Boulevard
Orchard Park, New York 14127

Re:   **Rickey Thomas, Jr., as Next of Kin of Tonya Smith, deceased, and on behalf of the wrongful death beneficiaries of Tonya Smith v. Quince Nursing and Rehabilitation Center, LLC d/b/a Quince Nursing and Rehabilitation Center; Aurora Cares, LLC; DTD HC, LLC; D & N, LLC; Donald T. Denz; and Norbert A. Bennett**

Dear Sir or Madam:

I am the attorney representing Rickey Thomas, Jr., as Next of Kin of Tonya Smith, deceased, and on behalf of the wrongful death beneficiaries of Tonya Smith, and I am the authorized agent of Rickey Thomas, Jr., as Next of Kin of Tonya Smith, deceased, and on behalf of the wrongful death beneficiaries of Tonya Smith.

Through me, the wrongful death beneficiaries of Tonya Smith are asserting, among other claims, a potential claim for medical malpractice and/or health care liability against you and your agents, employees, and/or representatives for both direct and vicarious liability.

Pursuant to T.C.A. § 29-26-121(a), below is additional information regarding my client:

Patient:                              Tonya Smith
Date of Birth:
Claimant's Name and Address:          Rickey Thomas, Jr.

                                      Memphis, TN 38115
Relationship to Patient:              Son and Next of Kin of Tonya Smith, deceased.

Due to the poor care provided to Tonya Smith during her residency at Quince Nursing and Rehabilitation Center, Tonya Smith suffered from, among other things, pressure sores; wounds; wound infections; osteomyelitis; sepsis; severe pain; and injuries to her dignity, which substantially contributed to in her death.

March 3, 2023
Page 2


Also, enclosed please find HIPAA medical authorization executed by my client regarding this matter. Attached hereto is a list of all providers to whom notice is being given pursuant to T.C.A. § 29-26-121(a). If there are any deficiencies with the HIPAA Complaint Limited Authorization enclosed, please notify me immediately so that I may remedy the deficiency.

Pursuant to Tenn. Code Ann. § 29-26-121(a)(5), you are reminded of your statutory obligation to identify any person, entity, or healthcare provider who you believe, based on any reasonable knowledge and information available, may be a properly named defendant in this action, and to communicate this information in writing within 30 days of receipt of this letter to me as counsel for the potential claimant. This includes any modifications of the way that your name is stated in this written presuit notice.

Please have your attorney or liability insurance carrier representative contact me, should you wish to discuss this matter.

Sincerely,

JEHL LAW GROUP, PLLC


Deena K. Arnold, Esq.


DKA/tja
*Enclosures*

## LIST OF HEALTH CARE PROVIDERS TO WHOM NOTICE IS BEING GIVEN
## PURSUANT TO T.C.A. SECTION 29-26-121(a)

**Re: Tonya Smith**

Below is a list of all healthcare providers to whom notice is being given, pursuant to T.C.A. Section 29-26-121(a), of a potential claim for medical malpractice and/or health care liability:

1. Quince Nursing and Rehabilitation Center, LLC
   d/b/a Quince Nursing and Rehabilitation Center
   c/o Julie Cottrell, Administrator
   6733 Quince Road
   Memphis, Tennessee 38119

2. Quince Nursing and Rehabilitation Center, LLC
   d/b/a Quince Nursing and Rehabilitation Center
   c/o United Corporate Services, Inc., Registered Agent
   401 Commerce Street, Suite 710
   Nashville, Tennessee 37219

   Quince Nursing and Rehabilitation Center, LLC
   d/b/a Quince Nursing and Rehabilitation Center
   6733 Quince Road
   Memphis, Tennessee 38119

3. Aurora Cares, LLC
   c/o United Corporate Services, Inc., Registered Agent
   401 Commerce Street, Suite 710
   Nashville, Tennessee 37219

   Aurora Cares, LLC
   3690 Southwestern Boulevard
   Orchard Park, New York 14127

4. DTD HC, LLC
   c/o Leslie Wilson
   3690 Southwestern Boulevard
   Orchard Park, New York 14127

5. D & N, LLC
   c/o Leslie Wilson
   3690 Southwestern Boulevard
   Orchard Park, New York 14127

6. Donald T. Denz
   3690 Southwestern Boulevard
   Orchard Park, New York 14127

7. Norbert A. Bennett
   3690 Southwestern Boulevard
   Orchard Park, New York 14127

## HIPAA COMPLIANT LIMITED MEDICAL AUTHORIZATION

I, Rickey Thomas, Jr.      , do hereby authorize _____
Quince Nursing and Rehabilitation Center, LLC d/b/a Quince Nursing and Rehabilitation Center; Aurora Cares, LLC; DTD HC, LLC; D & N, LLC; Donald
T. Denz; and Norbert A. Bennett
("health care providers") to furnish and disclose to _DTD HC, LLC_ or to any representative
or attorney from their office a full, complete, and black & white copy of any and all protected health information
regarding patient. Tonya Smith      , Date of Birth: C_____      Social Security
Number: 4_____ specifically including any and all records for service from _11/12/12_ to _11/12/22_,
including the entire hospital record, entire nursing home/assisted living facility chart, transfer sheets/EMS reports,
emergency room records, triage sheets, patient history and physical, nurses' notes, physicians' orders, physicians'
notes, progress notes, consult reports, operative and surgical notes/reports, resident assessments, minimum data sets,
RAP sheets, resident care plans, discharge plans, decubitus and wound reports, admission and discharge
summaries/reports, photographs, social service records, dietary records (I&O/B&B), weight records/vital signs,
activities records and schedules, physicians' orders, consultation reports, laboratory reports, pathology reports,
clinic records, radiographic/ultrasound/photographic/other diagnostic reports and images, psychological reports,
intensive care unit records, patient activity flow sheets, prescription orders, medication administration records,
controlled drug inventory, physical/occupational/speech/respiratory therapy records, incident reports, bills for
treatment, and any other records regarding said patient's physical, mental or emotional condition and treatment
rendered (collectively "protected health information"). I further and specifically consent to the disclosure of any
information concerning alcohol or drug abuse/treatment, psychiatric conditions/treatment, HIV test results or
genetic testing.

This release together with a written request is also intended to require all health, disability and/or automobile
insurance carriers to release any and all information regarding said patient in their possession, including, but not
limited to, all payment or non-payment information and any collateral source information, to
_DTD HC, LLC_      .

This is a limited medical authorization.   I AM NOT waiving any physician/patient privilege or any
psychotherapist/patient privilege. Any conferences, formal or informal, or any type of oral communication
with _DTD HC, LLC_ or any of their representatives is absolutely forbidden.
Copies of any documents produced to _DTD HC, LLC_, pursuant to this limited
medical authorization, should be furnished to Jehl Law Group, PLLC, 5400 Poplar Avenue, Suite 250,
Memphis, Tennessee, 38119, in electronic format in accordance with the provisions of the HITECH Act, 42
U.S.C.A. § 17935(e) for the reasonable cost of a CD, such cost to be paid by Jehl Law Group, PLLC.

I am initiating this request for disclosure of protected health information for legal purposes. I am on notice that
any health care provider disclosing the above-requested information may not condition said patient's treatment,
payment, enrollment or eligibility for benefits on whether I sign this authorization, and that this authorization can
be revoked through written notice sent to JEHL LAW GROUP, PLLC or to the specific health care provider(s)
being provided with this request, but any such revocation is and will be ineffective as to any information already
released in reliance with the Authorization. The undersigned is aware of the potential that protected health
information disclosed pursuant to this authorization is subject to re-disclosure in a manner that will not be
protected by the HIPAA Privacy Rule (45 CFR §160, et seq.). A photocopy of this authorization shall be
considered as effective and valid as the original, and this authorization will expire on
_09/3/23_

Dated: _3|3|23_      Signed: _Rickey Thomas Jr_

If signed by the patient's personal representative, explain the nature of the relationship:

_Son and Next of Kin of Tonya Smith, deceased._

5




**STATE OF TENNESSEE**
**Office of Vital Records**



TENNESSEE DEPARTMENT OF HEALTH
**CERTIFICATE OF DEATH**

STATE FILE NUMBER 2022 077072

| 1. Decedent's Legal Name | | | 2. Sex | 3. Date of Death |
|---|---|---|---|---|
| TONYA LASHUN SMITH | | | FEMALE | 11/12/2022 |

| 4. Time of Death (Approx.) | 5a. Age | 6. Date of Birth | 7. Birthplace |
|---|---|---|---|
| 16:46 | 48 | | MEMPHIS, TN |

| 8a. Place of Death |
|---|
| INPATIENT |

| 8b. Facility Name | 8c. City or Town | 8d. County of Death |
|---|---|---|
| BAPTIST MEMORIAL HOSPITAL | MEMPHIS | SHELBY |

| 9. Marital Status | 10. Surviving Spouse (name prior to first marriage) | 11a. Decedent's Usual Occupation | 11b. Kind of Business/Industry |
|---|---|---|---|
| NEVER MARRIED | | CAREGIVER | VOLUNTEER OF AMERICA |

| 12. Social Security Number | 13a. Residence-State or Foreign Country | 13b. County | 13c. City or Town |
|---|---|---|---|
| | TENNESSEE | SHELBY | MEMPHIS |

| 13d. Street and Number | 13e. Inside City Limits? | 13f. Zip Code | 14. Was Decedent ever in US Armed Forces? |
|---|---|---|---|
| 5184 BRYDON DR | YES | 38134 | NO |

| 15. Decedent's Education | 16. Decedent of Hispanic Origin? | 17. Decedent's Race |
|---|---|---|
| HIGH SCHOOL GRADUATE OR GED COMPLETED | NO, NOT SPANISH/HISPANIC/LATINO | BLACK OR AFRICAN AMERICAN |

| 18. Father's Name | 19. Mother's Name Prior to First Marriage |
|---|---|
| OSRIA SMITH | SANDRA RICHARDSON |

| 20a. Informant's Name | 20b. Relationship to Decedent | 20c. Mailing Address |
|---|---|---|
| TOSHEKA CUMMINGS | DAUGHTER | 5184 BRYDON DR, MEMPHIS, TN 38134 |

| 21a. Method of Disposition | 21b. Place of Disposition | 21c. Location |
|---|---|---|
| BURIAL | MEMPHIS MEMORY GARDENS | MEMPHIS, TN |

| 22a. Signature of Funeral Director | 22b. License Number | 22c. Signature of Embalmer | 22d. License Number |
|---|---|---|---|
| /s/ EDMUND FORD | 3751 | /s/ EDMUND HULL FORD | 4138 |

| 23a. Name and Address of Funeral Home: | | | 23b. License Number |
|---|---|---|---|
| E. H. FORD MORTUARY SERVICES, 3390 ELVIS PRESLEY BLVD, MEMPHIS, TN 38116-3260 | | | 1022 |

| 24. Registrar's Signature | 25. Date Filed |
|---|---|
| /s/ EDWARD G BISHOP | 11/28/2022 |

26. Certifier:
- 26a. ☑ PHYSICIAN – TO THE BEST OF MY KNOWLEDGE, DEATH OCCURRED AT THE DATE, TIME, AND PLACE, AND DUE TO THE CAUSE(S) AND MANNER STATED.
- 26b. ☐ MEDICAL EXAMINER – ON THE BASIS OF EXAMINATION, AND/OR INVESTIGATION, IN MY OPINION, DEATH OCCURRED AT THE DATE, TIME, AND PLACE, AND DUE TO THE CAUSE(S) AND MANNER STATED.

| 27a. Certifier | 27b. License Number | 27c. Date Signed |
|---|---|---|
| /s/ TODD HENDERSON | 46203 | 11/27/2022 |

| 27d. Name and Address: |
|---|
| TODD HENDERSON 401 SOUTHCREST CIRCLE SUITE 212, SOUTHAVEN, MS 38671 |

28. Part I. ENTER THE CHAIN OF EVENTS (DISEASES, INJURIES, OR COMPLICATIONS) THAT DIRECTLY CAUSED THE DEATH. DO NOT ENTER TERMINAL EVENTS SUCH AS CARDIAC ARREST, RESPIRATORY ARREST, OR VENTRICULAR FIBRILLATION WITHOUT SHOWING THE ETIOLOGY. ENTER ONLY ONE CAUSE ON A LINE.

| | | Approximate Interval Onset to Death |
|---|---|---|
| IMMEDIATE CAUSE (Final disease or condition resulting in death) | a. PULMONARY INSUFFICIENCY | 1 DAY |
| Sequentially list conditions, if any, leading to the cause listed on line a. | b. SEPSIS | 33 DAYS |
| UNDERLYING CAUSE (disease or injury that initiated the events resulting in death) LAST | c. PSEUDOMONAS AERUGINOSA LEFT FOOT AND RIGHT HIP WOUND INFECTIONS | 33 DAYS |

| Part II. OTHER SIGNIFICANT CONDITIONS CONTRIBUTING TO DEATH BUT NOT RESULTING IN THE UNDERLYING CAUSE GIVEN IN PART I | 29a. Was an Autopsy Performed? |
|---|---|
| HYPERTENSION, CEREBROVASCULAR DISEASE, END STAGE RENAL DISEASE DIALYSIS DEPENDENT, CHRONIC OSTEOMYELITIS OF SACRUM | NO |
| | 29b. Were Autopsy Findings Available to Complete the Cause of Death? |

| 30. Manner of Death | 31. Did Tobacco Use Contribute to Death? | 32. If Female: |
|---|---|---|
| NATURAL | NO | NOT PREGNANT WITHIN PAST YEAR |

| 33. If Transportation Injury, Specify: | 34a. Date of Injury | 34b. Time of Injury | 34c. Injury at Work? | 34d. Place of Injury |
|---|---|---|---|---|
| | | | | |

| 34e. Describe How Injury Occurred | 34f. Location of Injury |
|---|---|
| | |

PH-1680

RDA 10112


14750219

I hereby certify the above to be a true and correct representation of the record or document on file in this department. This certified copy is valid only when printed on security paper showing the red embossed seal of the Tennessee Department of Health. Alteration or erasure voids this certification. Reproduction of this document is prohibited.

Tennessee Code Annotated 68-3-101 et seq., Vital Records Act of 1977

Local Register

Edward A. Banks III
Edward D. Bishop III
State Registrar

Morgan McDonald
Morgan McDonald, MD, FAAP, FACP
Commissioner

Date Issued:  Dec-27-2022

## AFFIDAVIT

STATE OF TENNESSEE        )
                                        )ss.
COUNTY OF Shelby          )

BEFORE   ME,   the   undersigned   authority,   personally   appeared
_____ Rickey Thomas, Jr. _____, who upon first being duly
sworn, deposes and states as follows:

1.   That I am the next of kin to _____ Tonya Smith _____.

2.   I am the spouse of _____.

**FURTHER AFFIANT SAYETH NAUGHT.**

_Rickey Thomas Jr_
Signature

On this **27** day of **December**, **2022** before me personally appeared
_Ricky Thomas Jr_, known to me to be the individual
described herein and who executed the foregoing instrument, and he/she thereupon duly acknowledged
to me that he/she executed this instrument as his/her free and voluntary act and deed for the purpose
therein stated.

_____
Notary Public

My Commission Expires:

_April 01 2023_

JOHN SAMPIETRO
STATE
OF
TENNESSEE
NOTARY
PUBLIC
SHELBY COUNTY
My Commission Expires
April 01, 2023

13



# JEHL LAW GROUP PLLC
### Attorneys at Law

Cameron C. Jehl, Esq.
Carey L. Acerra, Esq.
Deena K. Arnold, Esq.
Eric H. Espey Esq.
Angela M. Polk, Esq.
Mitchell R. Bledsoe, Esq.

March 3, 2023

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**ARTICLE NUMBER 7022 2410 0001 5606 4459**

D & N, LLC
c/o Leslie Wilson
3690 Southwestern Boulevard
Orchard Park, New York 14127

**Re:**   **Rickey Thomas, Jr., as Next of Kin of Tonya Smith, deceased, and on behalf of the wrongful death beneficiaries of Tonya Smith v. Quince Nursing and Rehabilitation Center, LLC d/b/a Quince Nursing and Rehabilitation Center; Aurora Cares, LLC; DTD HC, LLC; D & N, LLC; Donald T. Denz; and Norbert A. Bennett**

Dear Sir or Madam:

I am the attorney representing Rickey Thomas, Jr., as Next of Kin of Tonya Smith, deceased, and on behalf of the wrongful death beneficiaries of Tonya Smith, and I am the authorized agent of Rickey Thomas, Jr., as Next of Kin of Tonya Smith, deceased, and on behalf of the wrongful death beneficiaries of Tonya Smith.

Through me, the wrongful death beneficiaries of Tonya Smith are asserting, among other claims, a potential claim for medical malpractice and/or health care liability against you and your agents, employees, and/or representatives for both direct and vicarious liability.

Pursuant to T.C.A. § 29-26-121(a), below is additional information regarding my client:

| | |
|---|---|
| Patient: | Tonya Smith |
| Date of Birth: | |
| Claimant's Name and Address: | Rickey Thomas, Jr. |
| | Memphis, TN 38115 |
| Relationship to Patient: | Son and Next of Kin of Tonya Smith, deceased. |

Due to the poor care provided to Tonya Smith during her residency at Quince Nursing and Rehabilitation Center, Tonya Smith suffered from, among other things, pressure sores; wounds; wound infections; osteomyelitis; sepsis; severe pain; and injuries to her dignity, which substantially contributed to in her death.

March 3, 2023
Page 2

Also, enclosed please find HIPAA medical authorization executed by my client regarding this matter. Attached hereto is a list of all providers to whom notice is being given pursuant to T.C.A. § 29-26-121(a). If there are any deficiencies with the HIPAA Complaint Limited Authorization enclosed, please notify me immediately so that I may remedy the deficiency.

Pursuant to Tenn. Code Ann. § 29-26-121(a)(5), you are reminded of your statutory obligation to identify any person, entity, or healthcare provider who you believe, based on any reasonable knowledge and information available, may be a properly named defendant in this action, and to communicate this information in writing within 30 days of receipt of this letter to me as counsel for the potential claimant. This includes any modifications of the way that your name is stated in this written presuit notice.

Please have your attorney or liability insurance carrier representative contact me, should you wish to discuss this matter.

Sincerely,

JEHL LAW GROUP, PLLC

Deena K. Arnold, Esq.

DKA/tja
*Enclosures*

## LIST OF HEALTH CARE PROVIDERS TO WHOM NOTICE IS BEING GIVEN PURSUANT TO T.C.A. SECTION 29-26-121(a)

**Re: Tonya Smith**

Below is a list of all healthcare providers to whom notice is being given, pursuant to T.C.A. Section 29-26-121(a), of a potential claim for medical malpractice and/or health care liability:

1.  Quince Nursing and Rehabilitation Center, LLC
    d/b/a Quince Nursing and Rehabilitation Center
    c/o Julie Cottrell, Administrator
    6733 Quince Road
    Memphis, Tennessee 38119

2.  Quince Nursing and Rehabilitation Center, LLC
    d/b/a Quince Nursing and Rehabilitation Center
    c/o United Corporate Services, Inc., Registered Agent
    401 Commerce Street, Suite 710
    Nashville, Tennessee 37219

    Quince Nursing and Rehabilitation Center, LLC
    d/b/a Quince Nursing and Rehabilitation Center
    6733 Quince Road
    Memphis, Tennessee 38119

3.  Aurora Cares, LLC
    c/o United Corporate Services, Inc., Registered Agent
    401 Commerce Street, Suite 710
    Nashville, Tennessee 37219

    Aurora Cares, LLC
    3690 Southwestern Boulevard
    Orchard Park, New York 14127

4.  DTD HC, LLC
    c/o Leslie Wilson
    3690 Southwestern Boulevard
    Orchard Park, New York 14127

5.  D & N, LLC
    c/o Leslie Wilson
    3690 Southwestern Boulevard
    Orchard Park, New York 14127

6.  Donald T. Denz
    3690 Southwestern Boulevard
    Orchard Park, New York 14127

7.  Norbert A. Bennett
    3690 Southwestern Boulevard
    Orchard Park, New York 14127

## HIPAA COMPLIANT LIMITED MEDICAL AUTHORIZATION

I, Rickey Thomas, Jr. , do hereby authorize _____

Quince Nursing and Rehabilitation Center, LLC d/b/a Quince Nursing and Rehabilitation Center; Aurora Cares, LLC; DTD HC, LLC; D & N, LLC; Donald T. Denz; and Norbert A. Bennett:

("health care providers") to furnish and disclose to ___D & N, LLC___ or to any representative or attorney from their office a full, complete, and **black & white** copy of any and all protected health information regarding patient Tonya Smith _____, Date of Birth: _____ **3**, Social Security Number: _____ specifically including any and all records for service from 11/12/12 to 11/12/22, including the entire hospital record, entire nursing home/assisted living facility chart, transfer sheets/EMS reports, emergency room records, triage sheets, patient history and physical, nurses' notes, physicians' orders, physicians' notes, progress notes, consult reports, operative and surgical notes/reports, resident assessments, minimum data sets, RAP sheets, resident care plans, discharge plans, decubitus and wound reports, admission and discharge summaries/reports, photographs, social service records, dietary records (I&O/B&B), weight records/vital signs, activities records and schedules, physicians' orders, consultation reports, laboratory reports, pathology reports, clinic records, radiographic/ultrasound/photographic/other diagnostic reports and images, psychological reports, intensive care unit records, patient activity flow sheets, prescription orders, medication administration records, controlled drug inventory, physical/occupational/speech/respiratory therapy records, incident reports, bills for treatment, and any other records regarding said patient's physical, mental or emotional condition and treatment rendered (collectively "protected health information"). I further and specifically consent to the disclosure of any information concerning alcohol or drug abuse/treatment, psychiatric conditions/treatment, HIV test results or genetic testing.

This release together with a written request is also intended to require all health, disability and/or automobile insurance carriers to release any and all information regarding said patient in their possession, including, but not limited to, all payment or non-payment information and any collateral source information, to
     D & N, LLC

This is a limited medical authorization. I AM NOT waiving any physician/patient privilege or any psychotherapist/patient privilege. Any conferences, formal or informal, or any type of oral communication with ___D & N, LLC___ or any of their representatives is **absolutely** forbidden. Copies of any documents produced to ___D & N, LLC___, pursuant to this limited medical authorization, should be furnished to Jehl Law Group, PLLC, 5400 Poplar Avenue, Suite 250, Memphis, Tennessee, 38119, in electronic format in accordance with the provisions of the HITECH Act, 42 U.S.C.A. § 17935(e) for the reasonable cost of a CD, such cost to be paid by Jehl Law Group, PLLC.

I am initiating this request for disclosure of protected health information for legal purposes. I am on notice that any health care provider disclosing the above-requested information may not condition said patient's treatment, payment, enrollment or eligibility for benefits on whether I sign this authorization, and that this authorization can be revoked through written notice sent to JEHL LAW GROUP, PLLC or to the specific health care provider(s) being provided with this request, but any such revocation is and will be ineffective as to any information already released in reliance with the Authorization. The undersigned is aware of the potential that protected health information disclosed pursuant to this authorization is subject to re-disclosure in a manner that will not be protected by the HIPAA Privacy Rule (45 CFR §160, et seq.). A photocopy of this authorization shall be considered as effective and valid as the original, and this authorization will expire on _____
     09/3/23

Dated: _3|3|23_        Signed: _Rickey Thomas Jr_

If signed by the patient's personal representative, explain the nature of the relationship:

Son and Next of Kin of Tonya Smith, deceased.

5




**STATE OF TENNESSEE**
**Office of Vital Records**



TENNESSEE DEPARTMENT OF HEALTH
**CERTIFICATE OF DEATH**

STATE FILE NUMBER 2022 077072

| 1. Decedent's Legal Name | | 2. Sex | 3. Date of Death |
|---|---|---|---|
| TONYA LASHUN SMITH | | FEMALE | 11/12/2022 |

| 4. Time of Death (Approx.) | 5a. Age | 6. Date of Birth | 7. Birthplace |
|---|---|---|---|
| 16:46 | 48 | | MEMPHIS, TN |

| 8a. Place of Death |
|---|
| INPATIENT |

| 8b. Facility Name | 8c. City or Town | 8d. County of Death |
|---|---|---|
| BAPTIST MEMORIAL HOSPITAL | MEMPHIS | SHELBY |

| 9. Marital Status | 10. Surviving Spouse (name prior to first marriage) | 11a. Decedent's Usual Occupation | 11b. Kind of Business/Industry |
|---|---|---|---|
| NEVER MARRIED | | CAREGIVER | VOLUNTEER OF AMERICA |

| 12. Social Security Number | 13a. Residence-State or Foreign Country | 13b. County | 13c. City or Town |
|---|---|---|---|
| | TENNESSEE | SHELBY | MEMPHIS |

| 13d. Street and Number | 13e. Inside City Limits? | 13f. Zip Code | 14. Was Decedent ever in US Armed Forces? |
|---|---|---|---|
| 5184 BRYDON DR | YES | 38134 | NO |

| 15. Decedent's Education | 16. Decedent of Hispanic Origin? | 17. Decedent's Race |
|---|---|---|
| HIGH SCHOOL GRADUATE OR GED COMPLETED | NO, NOT SPANISH/HISPANIC/LATINO | BLACK OR AFRICAN AMERICAN |

| 18. Father's Name | 19. Mother's Name Prior to First Marriage |
|---|---|
| OBRIA SMITH | SANDRA RICHARDSON |

| 20a. Informant's Name | 20b. Relationship to Decedent | 20c. Mailing Address |
|---|---|---|
| TOSHEKIA CUMMINGS | DAUGHTER | 5184 BRYDON DR, MEMPHIS, TN 38134 |

| 21a. Method of Disposition | 21b. Place of Disposition | 21c. Location |
|---|---|---|
| BURIAL | MEMPHIS MEMORY GARDENS | MEMPHIS, TN |

| 22a. Signature of Funeral Director | 22b. License Number | 22c. Signature of Embalmer | 22d. License Number |
|---|---|---|---|
| /s/ EDMUND FORD | 2731 | /s/ EDMUND HULL FORD | 4136 |

| 23a. Name and Address of Funeral Home | | | 23b. License Number |
|---|---|---|---|
| E H FORD MORTUARY SERVICES, 3390 ELVIS PRESLEY BLVD, MEMPHIS, TN 38116-3260 | | | 1027 |

| 24. Registrar's Signature | 25. Date Filed |
|---|---|
| /s/ EDWARD G BISHOP III | 11/28/2022 |

26. Certify:
26a. ☑ PHYSICIAN – TO THE BEST OF MY KNOWLEDGE, DEATH OCCURRED AT THE DATE, TIME, AND PLACE, AND DUE TO THE CAUSE(S) AND MANNER STATED.
26b. ☐ MEDICAL EXAMINER – ON THE BASIS OF EXAMINATION, AND/OR INVESTIGATION, IN MY OPINION, DEATH OCCURRED AT THE DATE, TIME, AND PLACE, AND DUE TO THE CAUSE(S) AND MANNER STATED.

| 27a. Certifier | 27b. License Number | 27c. Date Signed |
|---|---|---|
| /s/ TODD HENDERSON | 45203 | 11/27/2022 |

| 27d. Name and Address |
|---|
| TODD HENDERSON 401 SOUTHCREST CIRCLE SUITE 212, SOUTHAVEN, MS 38671 |

28. Part I. ENTER THE CHAIN OF EVENTS (DISEASES, INJURIES, OR COMPLICATIONS) THAT DIRECTLY CAUSED THE DEATH. DO NOT ENTER TERMINAL EVENTS SUCH AS CARDIAC ARREST, RESPIRATORY ARREST, OR VENTRICULAR FIBRILLATION WITHOUT SHOWING THE ETIOLOGY. ENTER ONLY ONE CAUSE ON A LINE.

| | | Approximate Interval: Onset to Death |
|---|---|---|
| IMMEDIATE CAUSE (Final disease or condition resulting in death) | a. PULMONARY INSUFFICIENCY | 1 DAY |
| Sequentially list conditions, if any, leading to the cause listed on line a. Enter the UNDERLYING CAUSE (disease or injury that initiated the events resulting in death) LAST | b. SEPSIS | 33 DAYS |
| | c. PSEUDOMONAS AERUGINOSA LEFT FOOT AND RIGHT HIP WOUND INFECTIONS | 33 DAYS |

| Part II. OTHER SIGNIFICANT CONDITIONS CONTRIBUTING TO DEATH BUT NOT RESULTING IN THE UNDERLYING CAUSE GIVEN IN PART I | 29a. Was an Autopsy Performed? |
|---|---|
| HYPERTENSION, CEREBROVASCULAR DISEASE, END STAGE RENAL DISEASE DIALYSIS DEPENDENT, CHRONIC OSTEOMYELITIS OF SACRUM | NO |
| | 29b. Were Autopsy Findings Available to Complete the Cause of Death? |

| 30. Manner of Death | 31. Did Tobacco Use Contribute to Death? | 32. If Female: |
|---|---|---|
| NATURAL | NO | NOT PREGNANT WITHIN PAST YEAR |

| 33. If Transportation Injury, Specify | 34a. Date of Injury | 34b. Time of Injury | 34c. Injury at Work? | 34d. Place of Injury |
|---|---|---|---|---|
| | | | | |

| 34e. Describe How Injury Occurred | 34f. Location of Injury |
|---|---|
| | |

PH-1660

RDA 10112



I hereby certify the above to be a true and correct representation of the record or document on file in this department. This certified copy is valid only when printed on security paper showing the red embossed seal of the Tennessee Department of Health. Alteration or erasure voids this certification. Reproduction of this document is prohibited.

Tennessee Code Annotated 68-3-101 et seq., Vital Records Act of 1977

14759219

Edward G Bishop III
State Registrar

Morgan McDonald, MD, FAAP, FACP
Commissioner

Local Registrar

Date Issued: Dec 27 2022

## AFFIDAVIT

STATE OF TENNESSEE     )
                         )ss.

COUNTY OF __Shelby__     )

**BEFORE ME,** the undersigned authority, personally appeared _____Rickey Thomas, Jr._____, who upon first being duly sworn, deposes and states as follows:

1.    That I am the next of kin to _____Tonya Smith_____.

2.    I am the spouse of _____.

**FURTHER AFFIANT SAYETH NAUGHT.**

_Ricky Thomas Sr_
Signature

On this __27__ day of __December__, __2022__ before me personally appeared _____Ricky Thomas Jr._____, known to me to be the individual described herein and who executed the foregoing instrument, and he/she thereupon duly acknowledged to me that he/she executed this instrument as his/her free and voluntary act and deed for the purpose therein stated.

_____
Notary Public

My Commission Expires:

__April 1 01 2023__

JOHN SAMPIETRO
STATE
OF
TENNESSEE
NOTARY
PUBLIC
SHELBY COUNTY
My Commission Expires
April 01, 2023

13



# JEHL LAW GROUP PLLC
### Attorneys at Law

Cameron C. Jehl, Esq.
Carey L. Acerra, Esq.
Deena K. Arnold, Esq.
Eric H. Espey Esq.
Angela M. Polk, Esq.
Mitchell R. Bledsoe, Esq.

March 3, 2023

CERTIFIED MAIL
RETURN RECEIPT REQUESTED
ARTICLE NUMBER 7022 2410 0001 5606 4466

Donald T. Denz
3690 Southwestern Boulevard
Orchard Park, New York 14127

**Re:** **Rickey Thomas, Jr., as Next of Kin of Tonya Smith, deceased, and on behalf of the wrongful death beneficiaries of Tonya Smith v. Quince Nursing and Rehabilitation Center, LLC d/b/a Quince Nursing and Rehabilitation Center; Aurora Cares, LLC; DTD HC, LLC; D & N, LLC; Donald T. Denz; and Norbert A. Bennett**

Dear Sir or Madam:

I am the attorney representing Rickey Thomas, Jr., as Next of Kin of Tonya Smith, deceased, and on behalf of the wrongful death beneficiaries of Tonya Smith, and I am the authorized agent of Rickey Thomas, Jr., as Next of Kin of Tonya Smith, deceased, and on behalf of the wrongful death beneficiaries of Tonya Smith.

Through me, the wrongful death beneficiaries of Tonya Smith are asserting, among other claims, a potential claim for medical malpractice and/or health care liability against you and your agents, employees, and/or representatives for both direct and vicarious liability.

Pursuant to T.C.A. § 29-26-121(a), below is additional information regarding my client:

| | |
|---|---|
| Patient: | Tonya Smith |
| Date of Birth: | |
| Claimant's Name and Address: | Rickey Thomas, Jr.              2 |
| Relationship to Patient: | Son and Next of Kin of Tonya Smith, deceased. |

Due to the poor care provided to Tonya Smith during her residency at Quince Nursing and Rehabilitation Center, Tonya Smith suffered from, among other things, pressure sores; wounds; wound infections; osteomyelitis; sepsis; severe pain; and injuries to her dignity, which substantially contributed to in her death.

5400 Poplar Avenue | Suite 250 | Memphis, TN 38119
Phone: (901) 322-4232 | Fax: (901) 322-4231
www.jehllawgroup.com

March 3, 2023
Page 2

    Also, enclosed please find HIPAA medical authorization executed by my client regarding this matter. Attached hereto is a list of all providers to whom notice is being given pursuant to T.C.A. § 29-26-121(a). If there are any deficiencies with the HIPAA Complaint Limited Authorization enclosed, please notify me immediately so that I may remedy the deficiency.

    Pursuant to Tenn. Code Ann. § 29-26-121(a)(5), you are reminded of your statutory obligation to identify any person, entity, or healthcare provider who you believe, based on any reasonable knowledge and information available, may be a properly named defendant in this action, and to communicate this information in writing within 30 days of receipt of this letter to me as counsel for the potential claimant. This includes any modifications of the way that your name is stated in this written presuit notice.

    Please have your attorney or liability insurance carrier representative contact me, should you wish to discuss this matter.

Sincerely,

**JEHL LAW GROUP, PLLC**

Deena K. Arnold, Esq.

DKA/tja
*Enclosures*

**LIST OF HEALTH CARE PROVIDERS TO WHOM NOTICE IS BEING GIVEN
PURSUANT TO T.C.A. SECTION 29-26-121(a)**

Re: Tonya Smith

Below is a list of all healthcare providers to whom notice is being given, pursuant to T.C.A. Section 29-26-121(a), of a potential claim for medical malpractice and/or health care liability:

1.  Quince Nursing and Rehabilitation Center, LLC
    d/b/a Quince Nursing and Rehabilitation Center
    c/o Julie Cottrell, Administrator
    6733 Quince Road
    Memphis, Tennessee 38119

2.  Quince Nursing and Rehabilitation Center, LLC
    d/b/a Quince Nursing and Rehabilitation Center
    c/o United Corporate Services, Inc., Registered Agent
    401 Commerce Street, Suite 710
    Nashville, Tennessee 37219

    Quince Nursing and Rehabilitation Center, LLC
    d/b/a Quince Nursing and Rehabilitation Center
    6733 Quince Road
    Memphis, Tennessee 38119

3.  Aurora Cares, LLC
    c/o United Corporate Services, Inc., Registered Agent
    401 Commerce Street, Suite 710
    Nashville, Tennessee 37219

    Aurora Cares, LLC
    3690 Southwestern Boulevard
    Orchard Park, New York 14127

4.  DTD HC, LLC
    c/o Leslie Wilson
    3690 Southwestern Boulevard
    Orchard Park, New York 14127

5.  D & N, LLC
    c/o Leslie Wilson
    3690 Southwestern Boulevard
    Orchard Park, New York 14127

6.  Donald T. Denz
    3690 Southwestern Boulevard
    Orchard Park, New York 14127

7.  Norbert A. Bennett
    3690 Southwestern Boulevard
    Orchard Park, New York 14127

## HIPAA COMPLIANT LIMITED MEDICAL AUTHORIZATION

I, Rickey Thomas, Jr. , do hereby authorize _____

Quince Nursing and Rehabilitation Center, LLC d/b/a Quince Nursing and Rehabilitation Center; Aurora Cares, LLC; DTD HC, LLC; D & N, LLC; Donald T. Denz; and Norbert A. Bennett.

("health care providers") to furnish and disclose to __Donald T. Denz__ or to any representative or attorney from their office a full, complete, and **black & white** copy of any and all protected health information regarding patient, Tonya Smith , Date of Birth: _____ Social Security Number: _____ specifically including any and all records for service from _11/12/12_ to _11/12/22_ , including the entire hospital record, entire nursing home/assisted living facility chart, transfer sheets/EMS reports, emergency room records, triage sheets, patient history and physical, nurses' notes, physicians' orders, physicians' notes, progress notes, consult reports, operative and surgical notes/reports, resident assessments, minimum data sets, RAP sheets, resident care plans, discharge plans, decubitus and wound reports, admission and discharge summaries/reports, photographs, social service records, dietary records (I&O/B&B), weight records/vital signs, activities records and schedules, physicians' orders, consultation reports, laboratory reports, pathology reports, clinic records, radiographic/ultrasound/photographic/other diagnostic reports and images, psychological reports, intensive care unit records, patient activity flow sheets, prescription orders, medication administration records, controlled drug inventory, physical/occupational/speech/respiratory therapy records, incident reports, bills for treatment, and any other records regarding said patient's physical, mental or emotional condition and treatment rendered (collectively "protected health information"). I further and specifically consent to the disclosure of any information concerning alcohol or drug abuse/treatment, psychiatric conditions/treatment, HIV test results or genetic testing.

This release together with a written request is also intended to require all health, disability and/or automobile insurance carriers to release any and all information regarding said patient in their possession, including, but not limited to, all payment or non-payment information and any collateral source information, to __Donald T. Denz__ .

This is a limited medical authorization. I AM NOT waiving any physician/patient privilege or any psychotherapist/patient privilege. Any conferences, formal or informal, or any type of oral communication with __Donald T. Denz__ or any of their representatives is absolutely forbidden. Copies of any documents produced to _____Donald T. Denz_____ , pursuant to this limited medical authorization, should be furnished to Jehl Law Group, PLLC, 5400 Poplar Avenue, Suite 250, Memphis, Tennessee, 38119, in electronic format in accordance with the provisions of the HITECH Act, 42 U.S.C.A. § 17935(e) for the reasonable cost of a CD, such cost to be paid by Jehl Law Group, PLLC.

I am initiating this request for disclosure of protected health information for legal purposes. I am on notice that any health care provider disclosing the above-requested information may not condition said patient's treatment, payment, enrollment or eligibility for benefits on whether I sign this authorization, and that this authorization can be revoked through written notice sent to JEHL LAW GROUP, PLLC or to the specific health care provider(s) being provided with this request, but any such revocation is and will be ineffective as to any information already released in reliance with the Authorization. The undersigned is aware of the potential that protected health information disclosed pursuant to this authorization is subject to re-disclosure in a manner that will not be protected by the HIPAA Privacy Rule (45 CFR §160, et seq.). A photocopy of this authorization shall be considered as effective and valid as the original, and this authorization will expire on _____09/3/23_____

Dated: _3/3/23_   Signed: _Rickey Thomas Jr_

If signed by the patient's personal representative, explain the nature of the relationship:

__Son and Next of Kin of Tonya Smith, deceased.__

5




**STATE OF TENNESSEE**
**Office of Vital Records**


TENNESSEE DEPARTMENT OF HEALTH
**CERTIFICATE OF DEATH**

STATE FILE NUMBER 2022 077072

| 1. Decedent's Legal Name | | | 2. Sex | 3. Date of Death |
|---|---|---|---|---|
| TONYA LASHUN SMITH | | | FEMALE | 11/12/2022 |

| 4. Time of Death (Approx.) | 5a. Age | 6. Date of Birth | 7. Birthplace |
|---|---|---|---|
| | 49 | | MEMPHIS, TN |

| 8a. Place of Death |
|---|
| INPATIENT |

| 8b. Facility Name | 8c. City or Town | 8d. County of Death |
|---|---|---|
| BAPTIST MEMORIAL HOSPITAL | MEMPHIS | SHELBY |

| 9. Marital Status | 10. Surviving Spouse (name prior to first marriage) | 11a. Decedent's Usual Occupation | 11b. Kind of Business/Industry |
|---|---|---|---|
| NEVER MARRIED | | CAREGIVER | VOLUNTEER OF AMERICA |

| 12. Social Security Number | 13a. Residence-State or Foreign Country | 13b. County | 13c. City or Town |
|---|---|---|---|
| | TENNESSEE | SHELBY | MEMPHIS |

| 13d. Street and Number | 13e. Inside City Limits? | 13f. Zip Code | 14. Was Decedent ever in US Armed Forces? |
|---|---|---|---|
| 5184 BRYDON DR | YES | 38134 | NO |

| 16. Decedent's Education | 16. Decedent of Hispanic Origin? | 17. Decedent's Race |
|---|---|---|
| HIGH SCHOOL GRADUATE OR GED COMPLETED | NO, NOT SPANISH/HISPANIC/LATINO | BLACK OR AFRICAN AMERICAN |

| 18. Father's Name | 19. Mother's Name Prior to First Marriage |
|---|---|
| OBRIA SMITH | SANDRA RICHARDSON |

| 20a. Informant's Name | 20b. Relationship to Decedent | 20c. Mailing Address |
|---|---|---|
| TOSBEKIA CUMMINGS | DAUGHTER | 5184 BRYDON DR, MEMPHIS, TN 38134 |

| 21a. Method of Disposition | 21b. Place of Disposition | 21c. Location |
|---|---|---|
| BURIAL | MEMPHIS MEMORY GARDENS | MEMPHIS, TN |

| 22a. Signature of Funeral Director | 22b. License Number | 22c. Signature of Embalmer | 22d. License Number |
|---|---|---|---|
| /s/ EDMUND FORD | 3751 | /s/ EDMUND HULL FORD | 4138 |

| 23a. Name and Address of Funeral Home | | | 23b. License Number |
|---|---|---|---|
| E.H. FORD MORTUARY SERVICES, 3390 ELVIS PRESLEY BLVD, MEMPHIS, TN 38116-3260 | | | 1022 |

| 24. Registrar's Signature | 25. Date Filed |
|---|---|
| /s/ EDWARD G BISHOP III | 11/28/2022 |

26. Certifier
26a. ☒ PHYSICIAN - TO THE BEST OF MY KNOWLEDGE, DEATH OCCURRED AT THE DATE, TIME, AND PLACE, AND DUE TO THE CAUSE(S) AND MANNER STATED
26b. ☐ MEDICAL EXAMINER - ON THE BASIS OF EXAMINATION, AND/OR INVESTIGATION, IN MY OPINION, DEATH OCCURRED AT THE DATE, TIME, AND PLACE, AND DUE TO THE CAUSE(S) AND MANNER STATED.

| 27a. Certifier | 27b. License Number | 27c. Date Signed |
|---|---|---|
| /s/ TODD HENDERSON | 46203 | 11/27/2022 |

| 27d. Name and Address |
|---|
| TODD HENDERSON 401 SOUTHCREST CIRCLE SUITE 212 SOUTHAVEN, MS 3667 |

28. Part I. ENTER THE CHAIN OF EVENTS-DISEASES, INJURIES, OR COMPLICATIONS-THAT DIRECTLY CAUSED THE DEATH. DO NOT ENTER TERMINAL EVENTS SUCH AS CARDIAC ARREST, RESPIRATORY ARREST, OR VENTRICULAR FIBRILLATION WITHOUT SHOWING THE ETIOLOGY. ENTER ONLY ONE CAUSE ON A LINE.

| | | Approximate interval: Onset to Death |
|---|---|---|
| IMMEDIATE CAUSE (Final disease or condition resulting in death) | a. PULMONARY INSUFFICIENCY | 1 DAY |
| Sequentially list conditions, if any, leading to the cause listed on line a. Enter the UNDERLYING CAUSE | b. SEPSIS | 33 DAYS |
| (disease or injury that initiated the events resulting in death) LAST | c. PSEUDOMONAS AERUGINOSA LEFT FOOT AND RIGHT HIP, WOUND INFECTIONS | 33 DAYS |

| Part II. OTHER SIGNIFICANT CONDITIONS CONTRIBUTING TO DEATH BUT NOT RESULTING IN THE UNDERLYING CAUSE GIVEN IN PART I | 29a. Was an Autopsy Performed? |
|---|---|
| HYPERTENSION, CEREBROVASCULAR DISEASE, END STAGE RENAL DISEASE DIALYSIS DEPENDENT, CHRONIC OSTEOMYELITIS OF SACRUM | NO |
| | 29b. Were Autopsy Findings Available to Complete the Cause of Death? |

| 30. Manner of Death | 31. Did Tobacco Use Contribute to Death? | 32. If Female |
|---|---|---|
| NATURAL | NO | NOT PREGNANT WITHIN PAST YEAR |

| 33. If Transportation Injury, Specify | 34a. Date of Injury | 34b. Time of Injury | 34c. Injury at Work? | 34d. Place of Injury |
|---|---|---|---|---|
| | | | | |

| 34e. Describe How Injury Occurred | | 34f. Location of Injury |
|---|---|---|
| | | |

I hereby certify the above to be a true and correct representation of the record or document on file in this department. This certified copy is valid only when printed on security paper showing the red embossed seal of the Tennessee Department of Health. Alteration or erasure voids this certification. Reproduction of this document is prohibited.

Tennessee Code Annotated 68-3-101 et seq., Vital Records Act of 1977

14759219

Edward G Bishop III
**State Registrar**

Morgan McDonald, MD, FAAP, FACP
**Commissioner**


Local Registrar

Date Issued: Dec 27 2022



## AFFIDAVIT

STATE OF TENNESSEE          )
                            )ss.
COUNTY OF _Shelby_          )

**BEFORE   ME,**   the   undersigned   authority,   personally   appeared
_____Rickey Thomas, Jr._____, who upon first being duly
sworn, deposes and states as follows:

1.      That I am the next of kin to _____Tonya Smith_____.

2.      I am the spouse of _____.

**FURTHER AFFIANT SAYETH NAUGHT.**


_____Rickey Thomas Jr_____
Signature

On this __27__ day of __December__, __2022__ before me personally appeared
___Rickey Thomas Jr_____, known to me to be the individual
described herein and who executed the foregoing instrument, and he/she thereupon duly acknowledged
to me that he/she executed this instrument as his/her free and voluntary act and deed for the purpose
therein stated.


_____
Notary Public

My Commission Expires:

_____April 01 2023_____

*(Notary seal: JOHN SAMPIETRO — STATE OF TENNESSEE NOTARY PUBLIC — SHELBY COUNTY — My Commission Expires April 01, 2023)*

13



# JEHL LAW GROUP PLLC
### Attorneys at Law

Cameron C. Jehl, Esq.
Carey L. Acerra, Esq.
Deena K. Arnold, Esq.
Eric H. Espey Esq.
Angela M. Polk, Esq.
Mitchell R. Bledsoe, Esq.

March 3, 2023

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**ARTICLE NUMBER 7022 2410 0001 5606 4473**

Norbert A. Bennett
3690 Southwestern Boulevard
Orchard Park, New York 14127

Re:   **Rickey Thomas, Jr., as Next of Kin of Tonya Smith, deceased, and on behalf of the wrongful death beneficiaries of Tonya Smith v. Quince Nursing and Rehabilitation Center, LLC d/b/a Quince Nursing and Rehabilitation Center; Aurora Cares, LLC; DTD HC, LLC; D & N, LLC; Donald T. Denz; and Norbert A. Bennett**

Dear Sir or Madam:

I am the attorney representing Rickey Thomas, Jr., as Next of Kin of Tonya Smith, deceased, and on behalf of the wrongful death beneficiaries of Tonya Smith, and I am the authorized agent of Rickey Thomas, Jr., as Next of Kin of Tonya Smith, deceased, and on behalf of the wrongful death beneficiaries of Tonya Smith.

Through me, the wrongful death beneficiaries of Tonya Smith are asserting, among other claims, a potential claim for medical malpractice and/or health care liability against you and your agents, employees, and/or representatives for both direct and vicarious liability.

Pursuant to T.C.A. § 29-26-121(a), below is additional information regarding my client:

Patient:                                        Tonya Smith
Date of Birth:                                  N
Claimant's Name and Address:                    Rickey Thomas, Jr.

Relationship to Patient:                        Son and Next of Kin of Tonya Smith, deceased.

Due to the poor care provided to Tonya Smith during her residency at Quince Nursing and Rehabilitation Center, Tonya Smith suffered from, among other things, pressure sores; wounds; wound infections; osteomyelitis; sepsis; severe pain; and injuries to her dignity, which substantially contributed to in her death.

Also, enclosed please find HIPAA medical authorization executed by my client regarding this matter. Attached hereto is a list of all providers to whom notice is being given pursuant to

March 3, 2023
Page 2

T.C.A. § 29-26-121(a).   If there are any deficiencies with the HIPAA Complaint Limited Authorization enclosed, please notify me immediately so that I may remedy the deficiency.

Pursuant to Tenn. Code Ann. § 29-26-121(a)(5), you are reminded of your statutory obligation to identify any person, entity, or healthcare provider who you believe, based on any reasonable knowledge and information available, may be a properly named defendant in this action, and to communicate this information in writing within 30 days of receipt of this letter to me as counsel for the potential claimant. This includes any modifications of the way that your name is stated in this written presuit notice.

Please have your attorney or liability insurance carrier representative contact me, should you wish to discuss this matter.

Sincerely,

JEHL LAW GROUP, PLLC

Deena K. Arnold, Esq.

DKA/tja
*Enclosures*

## LIST OF HEALTH CARE PROVIDERS TO WHOM NOTICE IS BEING GIVEN PURSUANT TO T.C.A. SECTION 29-26-121(a)

Re: Tonya Smith

Below is a list of all healthcare providers to whom notice is being given, pursuant to T.C.A. Section 29-26-121(a), of a potential claim for medical malpractice and/or health care liability:

1. Quince Nursing and Rehabilitation Center, LLC
   d/b/a Quince Nursing and Rehabilitation Center
   c/o Julie Cottrell, Administrator
   6733 Quince Road
   Memphis, Tennessee 38119

2. Quince Nursing and Rehabilitation Center, LLC
   d/b/a Quince Nursing and Rehabilitation Center
   c/o United Corporate Services, Inc., Registered Agent
   401 Commerce Street, Suite 710
   Nashville, Tennessee 37219

   Quince Nursing and Rehabilitation Center, LLC
   d/b/a Quince Nursing and Rehabilitation Center
   6733 Quince Road
   Memphis, Tennessee 38119

3. Aurora Cares, LLC
   c/o United Corporate Services, Inc., Registered Agent
   401 Commerce Street, Suite 710
   Nashville, Tennessee 37219

   Aurora Cares, LLC
   3690 Southwestern Boulevard
   Orchard Park, New York 14127

4. DTD HC, LLC
   c/o Leslie Wilson
   3690 Southwestern Boulevard
   Orchard Park, New York 14127

5. D & N, LLC
   c/o Leslie Wilson
   3690 Southwestern Boulevard
   Orchard Park, New York 14127

6. Donald T. Denz
   3690 Southwestern Boulevard
   Orchard Park, New York 14127

7. Norbert A. Bennett
   3690 Southwestern Boulevard
   Orchard Park, New York 14127

## HIPAA COMPLIANT LIMITED MEDICAL AUTHORIZATION

I, Rickey Thomas, Jr. , do hereby authorize _____
Quince Nursing and Rehabilitation Center, LLC d/b/a Quince Nursing and Rehabilitation Center; Aurora Cares, LLC; DTD HC, LLC; D & N, LLC; Donald
T. Denz; and Norbert A. Bennett :

("health care providers") to furnish and disclose to   Norbert A. Bennett   or to any representative
or attorney from their office a full, complete, and black & white copy of any and all protected health information
regarding patient, Tonya Smith                     , Date of Birth: (        Social Security
Number:_                 specifically including any and all records for service from  11/12/12  to  11/12/22 ,
including the entire hospital record, entire nursing home/assisted living facility chart, transfer sheets/EMS reports,
emergency room records, triage sheets, patient history and physical, nurses' notes, physicians' orders, physicians'
notes, progress notes, consult reports, operative and surgical notes/reports, resident assessments, minimum data sets,
RAP sheets, resident care plans, discharge plans, decubitus and wound reports, admission and discharge
summaries/reports, photographs, social service records, dietary records (I&O/B&B), weight records/vital signs,
activities records and schedules, physicians' orders, consultation reports, laboratory reports, pathology reports,
clinic records, radiographic/ultrasound/photographic/other diagnostic reports and images, psychological reports,
intensive care unit records, patient activity flow sheets, prescription orders, medication administration records,
controlled drug inventory, physical/occupational/speech/respiratory therapy records, incident reports, bills for
treatment, and any other records regarding said patient's physical, mental or emotional condition and treatment
rendered (collectively "protected health information"). I further and specifically consent to the disclosure of any
information concerning alcohol or drug abuse/treatment, psychiatric conditions/treatment, HIV test results or
genetic testing.

This release together with a written request is also intended to require all health, disability and/or automobile
insurance carriers to release any and all information regarding said patient in their possession, including, but not
limited to, all payment or non-payment information and any collateral source information, to
  Norbert A. Bennett .

This is a limited medical authorization. I AM NOT waiving any physician/patient privilege or any
psychotherapist/patient privilege. Any conferences, formal or informal, or any type of oral communication
with  Norbert A. Bennett           or any of their representatives is absolutely forbidden.
Copies of any documents produced to    Norbert A. Bennett    , pursuant to this limited
medical authorization, should be furnished to Jehl Law Group, PLLC, 5400 Poplar Avenue, Suite 250,
Memphis, Tennessee, 38119, in electronic format in accordance with the provisions of the HITECH Act, 42
U.S.C.A. § 17935(e) for the reasonable cost of a CD, such cost to be paid by Jehl Law Group, PLLC.

I am initiating this request for disclosure of protected health information for legal purposes. I am on notice that
any health care provider disclosing the above-requested information may not condition said patient's treatment,
payment, enrollment or eligibility for benefits on whether I sign this authorization, and that this authorization can
be revoked through written notice sent to JEHL LAW GROUP, PLLC or to the specific health care provider(s)
being provided with this request, but any such revocation is and will be ineffective as to any information already
released in reliance with the Authorization. The undersigned is aware of the potential that protected health
information disclosed pursuant to this authorization is subject to re-disclosure in a manner that will not be
protected by the HIPAA Privacy Rule (45 CFR §160, et seq.). A photocopy of this authorization shall be
considered as effective and valid as the original, and this authorization will expire on
_____09/3/23_____.

Dated:_ 3|3|23        Signed: _Rickey Thomas Jr_____

If signed by the patient's personal representative, explain the nature of the relationship:

_____Son and Next of Kin of Tonya Smith, deceased._____

5

# STATE OF TENNESSEE
## Office of Vital Records



## TENNESSEE DEPARTMENT OF HEALTH
## CERTIFICATE OF DEATH



STATE FILE NUMBER 2022 077072

| 1. Decedent's Legal Name | | 2. Sex | 3. Date of Death |
|---|---|---|---|
| TONYA LASHUN SMITH | | FEMALE | 11/12/2022 |

| 4. Time of Death (Approx.) | 5a. Age | 6. Date of Birth | 7. Birthplace |
|---|---|---|---|
| 19:45 | 48 | | MEMPHIS, TN |

| 8a. Place of Death |
|---|
| INPATIENT |

| 8b. Facility Name | 8c. City or Town | 8d. County of Death |
|---|---|---|
| BAPTIST MEMORIAL HOSPITAL | MEMPHIS | SHELBY |

| 9. Marital Status | 10. Surviving Spouse (name prior to first marriage) | 11a. Decedent's Usual Occupation | 11b. Kind of Business/Industry |
|---|---|---|---|
| NEVER MARRIED | | CAREGIVER | VOLUNTEER OF AMERICA |

| 12. Social Security Number | 13a. Residence-State or Foreign Country | 13b. County | 13c. City or Town |
|---|---|---|---|
| | TENNESSEE | SHELBY | MEMPHIS |

| 13d. Street and Number | 13e. Inside City Limits? | 13f. Zip Code | 14. Was Decedent ever in US Armed Forces? |
|---|---|---|---|
| 5184 BRYDON DR | YES | 38134 | NO |

| 16. Decedent's Education | 16. Decedent of Hispanic Origin? | 17. Decedent's Race |
|---|---|---|
| HIGH SCHOOL GRADUATE OR GED COMPLETED | NO, NOT SPANISH/HISPANIC/LATINO | BLACK OR AFRICAN AMERICAN |

| 18. Father's Name | 19. Mother's Name Prior to First Marriage |
|---|---|
| OBRIA SMITH | SANDRA RICHARDSON |

| 20a. Informant's Name | 20b. Relationship to Decedent | 20c. Mailing Address |
|---|---|---|
| TOSHEKA CUMMINGS | DAUGHTER | 5184 BRYDON DR, MEMPHIS, TN 38134 |

| 21a. Method of Disposition | 21b. Place of Disposition | 21c. Location |
|---|---|---|
| BURIAL | MEMPHIS MEMORY GARDENS | MEMPHIS, TN |

| 22a. Signature of Funeral Director | 22b. License Number | 22c. Signature of Embalmer | 22d. License Number |
|---|---|---|---|
| /s/ EDMUND FORD | 3751 | /s/ EDMUND HULL FORD | 4138 |

| 23a. Name and Address of Funeral Home | | | 23b. License Number |
|---|---|---|---|
| E H FORD MORTUARY SERVICES, 3390 ELVIS PRESLEY BLVD, MEMPHIS, TN 38118-3280 | | | 1022 |

| 24. Registrar's Signature | 25. Date Filed |
|---|---|
| /s/ EDWARD G BISHOP II | 11/28/2022 |

26. Certifier

27a. [X] PHYSICIAN - TO THE BEST OF MY KNOWLEDGE, DEATH OCCURRED AT THE DATE, TIME AND PLACE, AND DUE TO THE CAUSE(S) AND MANNER STATED.
[ ] MEDICAL EXAMINER - ON THE BASIS OF EXAMINATION, AND/OR INVESTIGATION, IN MY OPINION, DEATH OCCURRED AT THE DATE, TIME, AND PLACE, AND DUE TO THE CAUSE(S) AND MANNER STATED.

| 27a. Certifier | 27b. License Number | 27c. Date Signed |
|---|---|---|
| /s/ TODD HENDERSON | 46203 | 11/27/2022 |

| 27d. Name and Address |
|---|
| TODD HENDERSON 401 SOUTHCREST CIRCLE SUITE 212, SOUTHAVEN, MS 38671 |

| 28. Part I. ENTER THE CHAIN OF EVENTS-DISEASES, INJURIES, OR COMPLICATIONS-THAT DIRECTLY CAUSED THE DEATH. DO NOT ENTER TERMINAL EVENTS SUCH AS CARDIAC ARREST, RESPIRATORY ARREST, OR VENTRICULAR FIBRILLATION WITHOUT SHOWING THE ETIOLOGY. ENTER ONLY ONE CAUSE ON A LINE. | Approximate Interval Onset to Death |
|---|---|
| IMMEDIATE CAUSE (Final disease or condition resulting in death) a. PULMONARY INSUFFICIENCY | 1 DAY |
| b. SEPSIS | 33 DAYS |
| UNDERLYING CAUSE c. PSEUDOMONAS AERUGINOSA LEFT FOOT AND RIGHT HIP WOUND INFECTIONS | 33 DAYS |

| Part II. OTHER SIGNIFICANT CONDITIONS CONTRIBUTING TO DEATH BUT NOT RESULTING IN THE UNDERLYING CAUSE GIVEN IN PART I | 29a. Was an Autopsy Performed? |
|---|---|
| HYPERTENSION, CEREBROVASCULAR DISEASE, END STAGE RENAL DISEASE DIALYSIS DEPENDENT, CHRONIC OSTEOMYELITIS OF SACRUM | NO |
| | 29b. Were Autopsy Findings Available to Complete the Cause of Death? |

| 30. Manner of Death | 31. Did Tobacco Use Contribute to Death? | 32. If Female |
|---|---|---|
| NATURAL | NO | NOT PREGNANT WITHIN PAST YEAR |

| 33. Transportation Injury-Specify | 34a. Date of Injury | 34b. Time of Injury | 34c. Injury at Work? | 34d. Place of Injury |
|---|---|---|---|---|
| | | | | |
| 34e. Describe How Injury Occurred | | | 34f. Location of Injury | |

I hereby certify the above to be a true and correct representation of the record or document on file in this department. This certified copy is valid only when printed on security paper showing the red embossed seal of the Tennessee Department of Health. Alteration or erasure voids this certification. Reproduction of this document is prohibited.

Tennessee Code Annotated 68-3-101 et seq. Vital Records Act of 1977

Edward G Bishop III
State Registrar

Morgan McDonald, MD, FAAP, FACP
Commissioner

Local Registrar

Date Issued: Dec 27 2022

<u>**A F F I D A V I T**</u>

STATE OF TENNESSEE )
)ss.
COUNTY OF _Shelby_ )

BEFORE ME, the undersigned authority, personally appeared
_____Rickey Thomas, Jr._____, who upon first being duly
sworn, deposes and states as follows:

1.     That I am the next of kin to _____Tonya Smith_____.

2.     I am the spouse of _____.

**FURTHER AFFIANT SAYETH NAUGHT.**

_Ricky Thomas Sr_
Signature

On this **27** day of **December**, **2022** before me personally appeared
_____, known to me to be the individual
described herein, and who executed the foregoing instrument, and he/she thereupon duly acknowledged
to me that he/she executed this instrument as his/her free and voluntary act and deed for the purpose
therein stated.

Notary Public

My Commission Expires:

_April / 01 2023_

JOHN SAMPIETRO
STATE OF
TENNESSEE
NOTARY
PUBLIC
SHELBY COUNTY
My Commission Expires
April 01, 2023

13

**UNITED STATES POSTAL SERVICE ®**

**Certificate of Mailing — Firm (Domestic)**

Name and Address of Sender

JEHL LAW GROUP PLLC
5400 Poplar Avenue, Suite 250
Memphis, TN 38119

TOTAL NO. of Pieces Listed by Sender

TOTAL NO. of Pieces Received at Post Office: 6

Postmaster, per (name of receiving employee): J. Atood

Affix Stamp Here
Postmark with Date of Receipt

WHITE STATION POST OFFICE
5821 PARK AVE. MEMPHIS, TN 38119
MAR 03 2023

02  1P
0002770392   MAR 03 2023
MAILED FROM ZIP CODE 38119

UNITED STATES POSTAGE
$ 002.52⁰
PITNEY BOWES

| Line | USPS Tracking Number / Firm-specific Identifier | Name and Address | Postage | Fee | Special Handling | Parcel Airlift |
|---|---|---|---|---|---|---|
| 1 | 7022 2410 0001 5606 4404 | Smithy, Twya (TUN) (1/2)<br>Quince Nursing and Rehabilitation Center, LLC<br>d/b/a Quince Nursing and Rehabilitation Center<br>c/o Julie Cottrell, Administrator<br>6733 Quince Road<br>Memphis, Tennessee 38119 | | | | |
| 2 | 7022 2410 0001 5606 4398 | Quince Nursing and Rehabilitation Center, LLC<br>d/b/a Quince Nursing and Rehabilitation Center<br>c/o United Corporate Services, Inc., Registered Agent<br>401 Commerce Street, Suite 710<br>Nashville, Tennessee 37219 | | | | |
| 3 | 7022 2410 0001 5606 4411 | Quince Nursing and Rehabilitation Center, LLC<br>d/b/a Quince Nursing and Rehabilitation Center<br>6733 Quince Road<br>Memphis, Tennessee 38119 | | | | |
| 4 | 7022 2410 0001 5606 4428 | Aurora Cares, LLC<br>c/o United Corporate Services, Inc., Registered Agent<br>401 Commerce Street, Suite 710<br>Nashville, Tennessee 37219 | | | | |
| 5 | 7022 2410 0001 5606 4435 | Aurora Cares, LLC<br>3690 Southwestern Boulevard<br>Orchard Park, New York 14127 | | | | |
| 6 | 7022 2410 0001 5606 4442 | DTD HC, LLC<br>c/o Leslie Wilson<br>3690 Southwestern Boulevard<br>Orchard Park, New York 14127 | | | | |

PS Form 3665, May 2015 PSN 7630-17-000-5549

**UNITED STATES POSTAL SERVICE®**

**Certificate of Mailing — Firm (Domestic)**

Name and Address of Sender

JEHL LAW GROUP PLLC
5400 Poplar Avenue, Suite 250
Memphis, TN 38119

PS Form **3665**, May 2015  PSN 7530-17-000-5549

| USPS Tracking Number Firm-specific Identifier | | Postmaster, per (name of receiving employee) | Postage | Fee | Special Handling | Parcel Airlift |
|---|---|---|---|---|---|---|
| Smithy Timya (JM) (2/2) | | C. Flood | | | | |
| 1 | | D & N, LLC | | | | |
| | | c/o Leslie Wilson | | | | |
| | | 3690 Southwestern Boulevard | | | | |
| | | Orchard Park, New York 14127 | | | | |
| 7022 2410 0001 5606 4459 | 2 | | | | | |
| | | Donald T. Denz | | | | |
| | | 3690 Southwestern Boulevard | | | | |
| | | Orchard Park, New York 14127 | | | | |
| 7022 2410 0001 5606 4466 | 3 | | | | | |
| | | Norbert A. Bennett | | | | |
| | | 3690 Southwestern Boulevard | | | | |
| | | Orchard Park, New York 14127 | | | | |
| 7022 2410 0001 5606 4473 | 4 | | | | | |
| | 5 | | | | | |
| | 6 | | | | | |

TOTAL NO. of Pieces Listed by Sender

TOTAL NO. of Pieces Received at Post Office: **3**

Affix Stamp Here
Postmark with Date of Receipt

WHITE STATION POST OFFICE
5821 PARK AVE. MEMPHIS, TN 38.19
MAR 03 2023

02 1P
0002770392  MAR 03 2023
MAILED FROM ZIP CODE 38119
UNITED STATES POSTAGE
$ 002.52 0
PITNEY BOWES